ELECTRONICALLY FILED - 2021 Nov 10 8:55 AM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LEXINGTON | ELEVENTH JUDICIAL CIRCUIT |
| School District Five of Lexington and Richland Counties, | C.A. No.: 2021-cp-32-_____ |
| Plaintiff, | |
| v. | **SUMMONS** |
| Dr. Stephen Hefner, | |
| Defendant. | |

**TO THE DEFENDANT ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address 511 Saluda Street, Rock Hill, SC 29730 within thirty (30) days after service hereof, exclusive of the day of such service. If you fail to answer the complaint, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and will seek a default judgment against you.

This the 8th day of November 2021

Respectfully submitted,

s/Montrio Belton_____
Montrio Belton (SC Bar #102189)
Law Offices of Montrio Belton
511 Saluda Street
PO Box 566
Rock Hill, SC  29731
(803) 324 -4529 – Office
(803) 324-4522 – Fax
Montrio@montriobelton.com
www.montriobelton.com

ELECTRONICALLY FILED - 2021 Nov 10 8:55 AM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF LEXINGTON | ELEVENTH JUDICIAL CIRCUIT |
| School District Five of Lexington and Richland Counties, | C.A. No.: 2021-cp-32-_____ |
| Plaintiff, | |
| v. | **COMPLAINT**<br>**Jury Trial Requested** |
| Dr. Stephen Hefner, | |
| Defendant. | |

Plaintiff, complaining of Defendant herein, would respectfully show unto the Court the following:

## PARTIES AND VENUE

1.     School District Five of Lexington and Richland Counties ("the District") is a political subdivision of the State of South Carolina providing K-12 educational services to students residing within its boundaries in Lexington and Richland Counties.  Approximately 17,500 students are enrolled in the District.  The District is governed by an elected Board of Trustees (hereinafter "the Board"), composed of seven people.

2.     The District has the legal authority to sue in its name pursuant to S.C. Code Section 59-17-10.

ELECTRONICALLY FILED - 2021 Nov 10 8:55 AM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

3.    Dr. Stephen Hefner (hereinafter "Hefner") is a citizen of Lexington County who previously served as the District's Superintendent of Schools.  Upon information and belief, Hefner presently is retired.

4.    This Court has jurisdiction over the parties and the subject matter of this action, and venue is proper in Lexington County.

## **FACTUAL BACKGROUND**

5.    Following the resignation of its prior Superintendent, Dr. Christina Melton, the District entered into an agreement with a for-profit limited liability company, HeartEd, LLC ("HeartEd"), to provide interim superintendent services to the District until such time as the Board hired a permanent replacement for Melton.

6.    Dr. Akil Ross (hereinafter "Ross") is the owner and sole employee of HeartEd.  Ross also has formed a non-profit organization, HeartEd Youth Zone, which provides after-school opportunities for children living in the District.

7.    During negotiations between the District's legal counsel and Ross's legal counsel, Ross requested the District employ him through his for-profit company, HeartEd and the Board agreed to that request. (Exhibit A).

8.    Because Ross was not hired as an employee, he is ineligible for group health insurance coverage, retirement contributions or leave days.  These are all expenses the District would cover for an employee.

ELECTRONICALLY FILED - 2021 Nov 10 8:55 AM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

9.    This arrangement will save the District approximately Sixty-Five Thousand Dollars ($65,000) each year that the agreement between the District and HeartEd continues.

10.    Upon information and belief, Hefner became aware of the agreement executed between HeartEd and the District immediately after the agreement was signed.

11.    On Sunday, August 8, 2021, an article written by Bristow Marchant regarding the District's agreement with HeartEd appeared in *the State* newspaper. In that article, Marchant stated he had been provided with a copy of a letter of complaint (Exhibit B) authored by Hefner and sent to Cognia.  Upon information and belief, Hefner provided the letter of complaint to *the State* paper. Cognia is the international accrediting agency through which the District is accredited.

12.    The letter to Cognia dated August 4, 2021, was signed by Hefner. Several other former District Superintendents and School Board members signed the letter as well.  Upon information and belief, Hefner contacted these individuals and convinced them to participate in his complaint without providing them with accurate information, particularly regarding his motivation in filing the complaint.

13.    In his complaint, Hefner stated his opinion that the agreement between the District and HeartEd violated Cognia's governing rules.

ELECTRONICALLY FILED - 2021 Nov 10 8:55 AM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

14.     Hefner's letter also stated false information about Ross's two companies, HeartEd and HeartEd Youth Zone, and implied wrongdoing by the District and by Ross.

15.     If a school district loses its accreditation, the district may lose students and faculty as a result.

16.     Though Cognia's handbook requires it, Hefner did not contact any Board member or Ross prior to sending his letter of concern to Cognia.

17.     Through legal counsel, the District responded to Hefner's letter by sending him a letter dated August 23, 2021, advising of the inaccurate and defamatory information stated in his letter to Cognia (Exhibit C).  That letter also requested that Hefner retract his complaint and apologize to the District and Ross.

18.     Hefner did not respond to the August 23rd letter.  Instead, Hefner sent another letter to Cognia (Exhibit D).

19.     Hefner's motivations in interfering with the contract between the District and HeartEd, LLC, were intentional, unjustified and malicious.

20.     Hefner acknowledges in his August 4, 2021, letter that his complaint to Cognia likely will not impact the District's accreditation, further establishing his malicious interference with the contract between the Board and HeartEd.

21.     To date, Hefner has not apologized to the District or Ross for his intentional interference with the contract between the Board and HeartEd,

ELECTRONICALLY FILED - 2021 Nov 10 8:55 AM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

22.    In late September, a Cognia representative advised the District, through Ross, that Cognia did not intend to investigate Hefner's complaint because the complaint did not raise an issue that could legitimately impact the District's accreditation.  That same representative advised Ross that complaints to Cognia are often politically motivated.

23.     Hefner's motivation in intentionally interfering with the contract between HeartEd and the District is wrongful, malicious and politically motivated.

23.    Though the District's accreditation presently has not been impacted by Hefner's politically-motivated and unfounded complaint, the District has been negatively impacted because of the publicity surrounding the matter. This loss of goodwill in the community could result in the District losing state funding if students withdraw from the District and attend school elsewhere.

24.    The loss of goodwill also could negatively impact the District by alienating community partners who support the District financially and through volunteer efforts.

## **CAUSE OF ACTION**
(Interference with a Contractual Relationship)

25.    The District incorporates by reference all of the preceding factual allegations.

ELECTRONICALLY FILED - 2021 Nov 10 8:55 AM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

26.    The District entered into a lawful contract with HeartEd, LLC.

27.    Hefner was aware of that contract at the time he sent a complaint to Cognia.

28.    In sending his letter to Cognia, Hefner intentionally interfered with the lawful contract between HeartEd, LLC and the District.

29.    Hefner's interference was unjustified and malicious, justifying the award of punitive damages.

30.    As a result of Hefner's malicious interference, the District has been damaged, including, but not limited to, injury to reputation, loss of goodwill in the community, loss of the economic benefit gained by the employment relationship between the District and HeartEd, LLC, attorney's fees incurred in responding to the Cognia complaint, and the potential loss of state funding as the result of loss of students.

## **PRAYER FOR RELIEF**

WHEREFORE, the District demands a jury trial and also demands actual, consequential and punitive damages as determined by a jury along with costs, expenses and attorney's fees associated with bringing this action, along with such other proper and reasonable relief as the Court may deem reasonable and proper.

November 8, 2021                    s/Montrio Belton_____
                                   Montrio Belton (SC Bar #102189)
                                   Law Offices of Montrio Belton
                                   511 Saluda Street
                                   PO Box 566
                                   Rock Hill, SC  29731
                                   (803) 324 -4529 – Office
                                   (803) 324-4522 – Fax
                                   Montrio@montriobelton.com
                                   www.montriobelton.com

ELECTRONICALLY FILED - 2021 Nov 10 8:55 AM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF LEXINGTON | ) | ELEVENTH JUDICIAL CIRCUIT |

STATE OF SOUTH CAROLINA      )      IN THE COURT OF COMMON PLEAS

COUNTY OF LEXINGTON      )      ELEVENTH JUDICIAL CIRCUIT

Dr. Stephen Hefner      )      Civil Action No.   2021-CP-32-03699
                                              )
                    Plaintiff,      )
                                              )
          v.      )      **SUMMONS**
                                              )
School District Five of Lexington and Richland      )      **(Jury Trial requested)**
Counties, Kenneth Loveless individually and his      )
official capacity, Catherine Huddle individually      )
and in her official capacity, Jan Hammond      )
individually and her official capacity, and      )
Jaramillo Accounting Group, LLC.      )
                                              )
                    Defendants.      )

YOU ARE HEREBY SUMMONED and required to answer the Amended Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Amended Complaint upon the subscriber at his office at 1320 Main Street, 17th Floor, Columbia, South Carolina 29201 within thirty (30) days of the date hereof, exclusive of the day of such service, and if you fail to Answer this Amended Complaint within the time aforesaid, or otherwise appear and defend, judgment by default will be rendered against you for the relief demanded in the Amended Complaint.

*[Signature block on following page]*

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *s/Thomas William McGee, III*
      Thomas William McGee, III
      SC Bar No. 11317
      E-Mail: billy.mcgee@nelsonmullins.com
      1320 Main Street / 17th Floor
      Post Office Box 11070 (29211-1070)
      Columbia, SC  29201
      (803) 799-2000

      Attorneys for Plaintiff Dr. Stephen Hefner

Columbia, South Carolina

March 22, 2023.

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

STATE OF SOUTH CAROLINA )
                                                        )     IN THE COURT OF COMMON PLEAS
COUNTY OF LEXINGTON )              ELEVENTH JUDICIAL CIRCUIT
                                                        )
Dr. Stephen Hefner )              Civil Action No.   2021-CP-32-03699
                                                        )
                                    Plaintiff, )
                                                        )
                    v. )              **PLAINTIFF DR. STEPHEN HEFNER'S**
                                                        )     **AMENDED COMPLAINT**
School District Five of Lexington and Richland )
Counties, Kenneth Loveless individually and his )
official capacity, Catherine Huddle individually )
and in her official capacity, Jan Hammond )
individually and her official capacity, and )
Jaramillo Accounting Group, LLC. )
                                                        )
                                    Defendants. )

Following his Motion to Realign the Parties, now Plaintiff Dr. Stephen Hefner ("Dr. Hefner") brings this amended cause of action against Defendants School District Five of Lexington and Richland Counties ("District"), Mr. Kenneth Loveless ("Mr. Loveless"), Ms. Catherine Huddle ("Ms. Huddle"), Ms. Jan Hammond ("Ms. Hammond"), all individually and in their official capacity as either current or previous Board members of District, and Jaramillo Accounting Group, LLC ("JAG") based on the allegations below.

## PARTIES AND JURISDICTION

1.      Dr. Hefner is an individual and a citizen and resident of Richland County, South Carolina. Dr. Hefner served as the District's Superintendent of Schools from January 1, 2011, to June 30, 2018.

2.      The District is a political subdivision of the State of South Carolina providing K-12 educational services to students residing within its boundaries in Lexington and Richland Counties, South Carolina. The District is governed by an elected Board of Trustees ("Board"), composed of seven people.

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

3.     Mr. Loveless is an individual and a citizen and resident of Lexington County, South Carolina. Mr. Loveless was a Board member of District during the events alleged herein.

4.     Ms. Hammond is an individual and a citizen and resident of Lexington County, South Carolina. Ms. Hammond was a Board member of District during the events alleged herein.

5.     Ms. Huddle is an individual and citizen and resident of Lexington County, South Carolina. Ms. Huddle is currently a Board Member of District and was a Board Member during the events alleged herein.

6.     Upon information and belief, JAG is a limited liability corporation formed under the laws of New Mexico with its principal place of business in Albuquerque, New Mexico.

7.     Jurisdiction is and venue are appropriate in this court.

### FACTUAL BACKGROUND

8.     On November 10, 2021, on behalf of the District, the Board filed a frivolous lawsuit asserting a single cause of action for intentional or tortious interference with a contractual relationship against former District superintendent Dr. Hefner.

9.     The District claimed that Dr. Hefner's legitimate concerns and subsequent complaint to Cognia—a third party accreditor of the District—constituted malicious interference with an agreement involving the District and an educational consulting company owned by current District superintendent Dr. Akil Ross. Notably, the cause of action failed to allege that the agreement was ever breached.

10.     The frivolous nature of the lawsuit is further evidenced by the Board's own actions and comments following its filing.

11.     During a District Board Meeting on December 13, 2021, a Board member made a motion to dismiss the lawsuit.

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

12.     As that Board member explained, the lawsuit "was brought to the table **before we truly knew the facts** and where we're at now is the facts are the there was no investigation with Cognia. There's no money spent by the district on defending this. There wasn't legal representation that we needed to get. So with that being said and knowing where we're at I feel that I think we should bring this back to the motion to address where we're at right now." (Emphasis added).

13.     Further discussion about the lawsuit against Hefner at the December 13, 2021, Board meeting conclusively and unequivocally established that the lawsuit was politically motivated and was filed for the improper purpose of extracting an "apology" from Dr. Hefner for simply exercising his right to free speech in sending letters to Cognia regarding matters of public interest.

14.     At the December 13, 2021, Board meeting, Mr. Loveless, Ms. Hammond, and Ms. Huddle all voted to continue with the lawsuit against Mr. Hefner despite the above facts and disagreement from other members of the Board.

15.     At the August 8, 2022, Board meeting, the Board again voted to continue its lawsuit against Dr. Hefner, with Mr. Loveless, Ms. Hammond, and Ms. Huddle all voting to continue with the lawsuit despite having actual knowledge that it was without merit and  for an improper purpose.

16.     Rather than seeking retribution for any legal violations, the Board used public funds and the courts of this State to force an apology from a concerned member of the community that genuinely believed that the Board may have been entering into an agreement that was possibly both a conflict of interest and not in the best interest of the District, its employees, or its students.

17.     The court systems should not and cannot be used to settle mere differences of opinions and disagreements.

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

18.    The District's lawsuit against Dr. Hefner was particularly egregious because it is a political subdivision of the State of South Carolina, and the Board's decision to pursue the lawsuit was made under color of State law.

19.    Dr. Hefner's concerns and complaint to a third-party accreditor represent exercise of his free speech rights under the First Amendment of the United States Constitution.

20.    Then-Defendant Dr. Hefner vigorously defended against the District's frivolous allegations and in response filed a counterclaim pursuant to U.S.C. § 1983 against the District alleging abuse of authority and retaliation in violation of his First Amendment right to freedom of speech.

21.    After a hearing was set on Dr. Hefner's Motion to Dismiss the District's Complaint, and upon receiving overwhelming criticism from its constituents, the Board unanimously voted to dismiss the lawsuit with prejudice on September 26, 2022. Dr. Hefner's Section 1983 counterclaim remained.

22.    Regarding the dismissal, Mr. Loveless stated that, since the Board made the unanimous decision to proceed with the lawsuit against Dr. Hefner, "Cognia has not taken action and has said they will not take action."

23.    In speaking to reporters following the September 26, 2022, vote to dismiss the lawsuit against Dr. Hefner, Ms. Hammond commented as follows:

> "Dr. Hefner filed a frivolous and factually incorrect complaint with District Five's accrediting agency Cognia. He also published the complaint with the State newspaper without first contacting Dr. Ross or me. It appeared to be done in such a way to discredit our great district. After consulting with our legal counsel we as a board were advised to bring a lawsuit against an untrue and frivolous complaint to protect our accreditation. Cognia refused to act on the complaint which was filed. This was because the complaint was incorrect. While the State published the original complaint it failed to report that no action was taken by Cognia."

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

"With the District's accreditation protected, the board took reasonable action and dismissed the lawsuit. The District acted reasonably to protect itself from an untrue complaint that threatened to harm our accreditation. We are committed to educating the students of D 5 and not spending money on lawsuits that were no longer necessary."

24.    The statements by Mr. Loveless and Ms. Hammond are completely false and misrepresent their and the Board's motivations and actions against Dr. Hefner.

25.    More specifically, Ms. Hammond appears to criticize The State by failing to report that no action was taken by Cognia in response to Dr. Hefner's letter. This is demonstrably false. On December 1, 2021, The State published an article by Bristow Merchant, which quotes Cognia spokesperson Mariama Tyler as saying: "We received the complaint, we acknowledge it to the complainant, and at this time no action is planned."

26.    Additionally, Mr. Loveless and Ms. Hammond's suggestion that they decided to dismiss the lawsuit because Cognia declined to take action is also untrue. The State published the fact that Cognia declined to take against as a result of Dr. Hefner's letter on December 1, 2021. Additionally, the Board was clearly aware of this, as it was discussed during the December 13, 2021, board meeting. Despite this knowledge, on at least two public occasions, the Board voted to continue the lawsuit against Dr. Hefner.

27.    In other words, with full knowledge that Cognia was not going to take action against the District following Dr. Hefner's letter, the Board, and specifically Mr. Loveless, Ms. Hammond, and Ms. Huddle, voted to continue the lawsuit against Dr. Hefner merely to punish him and/or extract an apology for exercising his right to free speech.

28.    The retaliatory attacks by the Board and certain members of the Board against Dr. Hefner also go beyond the filing of the lawsuit related to the Cognia letters.

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

29.    JAG, a New Mexico accounting firm, was retained by the Board to investigate and conduct an "independent audit" on behalf of the District. The District published JAG's findings in a report to the public titled Procurement Examination and Consulting Phase II Report ("Report"). The Report included a patently false and defamatory allegation against Dr. Hefner.  More specifically the Report stated that while serving as District Superintendent, Dr. Hefner improperly retained an architect on a public construction project "in violation of the District's Procurement Code" and in violation of two South Carolina statutes.  This is demonstrably false.

30.    As the public record clearly indicates and as District was well aware, in 2016 the Board unanimously voted to approve the hiring of the architect in question.

31.    The Board knew the allegation about Dr. Hefner was false when they retained JAG, provided JAG with this false information, and voted to make the Report public. Yet, not once did JAG contact Dr. Hefner to investigate or verify the baseless accusations against him.

32.    As evidenced by communications collected in the District's partial Freedom of Information ("FOIA") response, JAG's only source of information during its investigation and audit came from the public record and communications with Board members. On numerous occasions, Mr. Loveless—using a Loveless Commercial Contracting, Inc. email address—and Ms. Huddle, made substantive recommendations and edits to the published report, conspiring with JAG on what would and would not be included in what was supposed to be an independent audit report.

33.    In fact, in a May 3, 2022, email from Mr. Loveless to JAG and Ms. Huddle, Mr. Loveless appears to have personally authored the baseless and defamatory statements regarding Dr. Hefner that ultimately appeared in the JAG report.  In doing so, Mr. Loveless used a private email account to conduct official Board business.

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

34.    As a result, the audit conducted by JAG was not impartial, independent, or consistent with the standards of case in the accounting and audit industries. Notably, JAG was not approved by the South Carolina Office of the State Auditor to conduct audits on public school districts at the time they were retained by the Board. Instead, Mr. Loveless, Ms. Huddle, and Ms. Hammond retained JAG not with the intention of conducting an independent or impartial audit, but to create a politically-motivated attack that would undermine their political and business opponents, while pretending to act in the interests of Lexington and Richland County taxpayers and using public money to fund the report.

35.    At the December 12, 2022, Board Meeting, when debating whether to extend JAG's audit through January 2023, a newly elected District board member stated:

> "I ask that we do not extend the audit based on a lot of information. One, the information that was received in the FOIA this past week brought about a lot of concerns—not just with me—but in the community, for the exceptional bias in the manner in which that audit was performed. I've got several questions I think we need answers to before we move forward. Not just from the auditor—the company—but the District itself . . . the community has a lot of questions.  I would actually be in favor of not only not extending the audit but terminating our relationship with that accounting firm [JAG] and moving in a direction with a firm that is based in South Carolina. One, to comply with our 'shop local initiative' and two, to try to seek a firm that *has not been tainted* in the way that it has . . . evidenced by the emails in the FOIA." (Emphasis added).

36.    Accordingly, the results and findings of the JAG audit conclude that Mr. Loveless, Ms. Huddle, and Ms. Hammond, improperly used their positions of power and public resources to unlawfully conspire with JAG during its investigatory audit. Moreover, by providing JAG false and defamatory information about Dr. Hefner, Mr. Loveless, Ms. Huddle, and Ms. Hammond used their official capacity as Board members to perpetuate a pattern of sustained and repeated retaliatory conduct in violation of Section 1983.

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS DISTRICT, MR. LOVELESS, MS. HAMMOND, AND MS. HUDDLE
### (42 U.S.C. § 1983 – Violation of First Amendment Right)

37.     Dr. Hefner realleges and incorporates by reference the allegations of the preceding paragraphs into this claim for relief

38.     The First Amendment of the United States Constitution protects the free expression of protected speech as well as the right to be free from retaliation for the exercise of that right.

39.     The First Amendment was made applicable to the States through the Fourteenth Amendment to the United States Constitution.

40.     Dr. Hefner engaged in constitutionally protected speech by sending a letter and complaint documenting his concerns to the District's accreditor, Cognia.

41.     District, Mr. Loveless, Ms. Huddle, and Ms. Hammond retaliated against Dr. Hefner for exercising his right to free speech by filing and then maintaining a frivolous lawsuit and conspiring to include defamatory information in a publicly published Report—all in an attempt to obstruct, deter, and chill Dr. Hefner's First Amendment rights.

42.     District, Mr. Loveless, Ms. Huddle, and Ms. Hammond, acting under color of State law, have deprived Dr. Hefner of his right to free speech and have retaliated against Dr. Hefner for exercising the rights secured by the First and Fourteenth Amendments of the United States Constitution, in violation of 42 U.S.C. § 1983.

43.     Such actions would cause a reasonable person to cease to engage in a constitutionally protected activity. The conduct alleged herein has and will continue to have a chilling effect on private citizens' ability to express disagreement for fear of retaliatory action. This conduct impacts both past and future constitutionally protected rights.

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

44.     District, Mr. Loveless, Ms. Huddle, and Ms. Hammond's conduct deprived Dr. Hefner of his constitutionally protected rights and privileges. Their actions were arbitrary, capricious, retaliatory, not substantially related to any legitimate governmental interest, and was not a legitimate exercise of power.

45.     As a direct result of District, Mr. Loveless, Ms. Huddle, and Ms. Hammond's violation of Dr. Hefner's First Amendment Rights, Dr. Hefner has suffered, and continues to suffer, and is entitled to recover damages, costs, and attorneys' fees.

46.     Furthermore, District, Mr. Loveless, Ms. Huddle, and Ms. Hammond acted with deliberate indifference to Dr. Hefner's First Amendment rights. These actions were repetitive, intentional, and performed with malice, oppression, and in callous and wanton disregard of the constitutional rights of Dr. Hefner, so that Dr. Hefner is entitled to an award of punitive damages and any other relief permitted by law.

### FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
**(Civil Conspiracy)**

47.     Dr. Hefner realleges and incorporates by reference the allegations of the preceding paragraphs into this claim for relief.

48.     Motivated by Dr. Hefner's legitimate concern and complaint to Cognia, Defendants Mr. Loveless, Ms. Huddle, Ms. Hammond, and JAG met, conspired, schemed, and planned to unlawfully retaliate against Dr. Hefner by including blatantly untruthful and defamatory information about him in a publicly published Report.

49.     As Board members of the District, Mr. Loveless, Ms. Huddle, and Ms. Hammond were in a unique position of power to disguise their agreement with JAG as a legitimate "independent audit." Instead, Defendants inflicted their defamatory, politically-motivated agenda

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

against Dr. Hefner, and did so both in their official and personal capacities, all at the expense of the taxpayer.

50.     Such actions taken by the Defendants amount to unlawful civil conspiracy, proximately causing special damages to Dr. Hefner, including harm to his reputation as an admired educational leader in the community.

51.     Dr. Hefner is further entitled to an award of punitive damages and any other relief permitted by law from the Defendants for their intentional and malicious actions.

### FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS DISTRICT, MR. LOVELESS, MS. HUDDLE, AND MS. HAMMOND
#### (Abuse of Process)

52.     Dr. Hefner realleges and incorporates by reference the allegations of the preceding paragraphs into this claim for relief.

53.     The District, Mr. Loveless, Ms. Huddle, and Ms. Hammond willfully and "before truly knowing the facts" used taxpayer dollars to institute the frivolous November 21, 2021, lawsuit against Dr. Hefner for tortious interference with a contract.

54.     As evidenced by the Board's public conversations surrounding the lawsuit and its eventual dismissal, the means of the lawsuit were not only improper, but had an ulterior purpose.

55.     Instead of voicing their opinions or disagreements with Dr. Hefner, the District, Mr. Loveless, Ms. Huddle, and Ms. Hammond, used their official positions as members of the Board to initiate and maintain a frivolous proceeding against a disproving private citizen who merely expressed an opinion on what he considered to be the best interests of the District, its employees, and its students.

56.     As a direct result of their actions, Dr. Hefner has suffered, and continues to suffer, and is entitled to recover damages, costs, and attorneys' fees.

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

57.     Moreover, the District, Mr. Loveless, Ms. Huddle, and Ms. Hammond acted with the requisite malicious intent such that Dr. Hefner is entitled to punitive damages and any other relief permitted by law.

**FOR A FOURTH OF ACTION AGAINST DEFENDANTS DISTRICT, MR. LOVELESS, MS. HUDDLE, AND MS. HAMMOND**
**(Malicious Prosecution)**

58.     Dr. Hefner realleges and incorporates by reference the allegations of the preceding paragraphs into this claim for relief.

59.     On November 21, 2021, the District willfully instituted a lawsuit against Dr. Hefner for intentional or tortious interference with a contractual relationship.

60.     Despite voting to continue the lawsuit on two occasions, the Board ultimately voted to dismiss the lawsuit against Dr. Hefner with prejudice roughly ten (10) months after it was initiated.

61.     Although the lawsuit against Dr. Hefner was terminated, the District, Mr. Loveless, Ms. Huddle, and Ms. Hammond acted with malice seeking to retaliate against, attack, and tarnish the reputation of Dr. Hefner.

62.     As a direct result of their actions, the District, Mr. Loveless, Ms. Huddle, and Ms. Hammond caused and continue to cause damages, costs, and attorneys' fees to Dr. Hefner.

63.     Additionally, given such conduct occurred with malice, Dr. Hefner is entitled to punitive damages and any other relief permitted by law.

**FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Defamation *per se*)**

64.     Dr. Hefner realleges and incorporates by reference the allegations of the preceding paragraphs into this claim for relief.

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

65.    On September 19, 2022, the District published JAG's Report, which included a defamatory statement about Dr. Hefner during his time as District superintendent.

66.    The statement reads:

"[D]uring our testing, we noted violations relating to the procurements of Quackenbush Architects and Planners. Quackenbush was awarded the contract for the [sic] Chapin Middle School (CMS) under the 2008 bond referendum project. When the District decided to build the third wing, the CMS edition, then Superintendent Heffner [sic] determined a sole source award to Quackenbush on September 23, 2016. However, this was a violation of the District's Procurement Code. It did not meet the requirements for sole source, as there were other architects who could have provided the services . . . Sole source is not permissible unless there is only a single supplier" (citing to S.C. Code Ann. Section 11-35-1560 and S.C. Reg. Section 19-445-2105).

67.    The nature of the defamatory statement concerning Dr. Hefner is apparent on the face of the publication. The statement concerning Dr. Hefner was written by JAG and published by the District with actual malice and is therefore actionable *per se*.

68.    As a direct and proximate result of Defendant's *per se* defamatory statement, any and all damages including punitive damages suffered from the Defendant's statement are presumed in an amount set forth at trial.

## FOR A SIXTH CAUSE OF ACTION AGAINST JAG
### (Violation of South Carolina Unfair Trade Practices Act)

69.    Dr. Hefner realleges and incorporates by reference the allegations of the preceding paragraphs into this claim for relief.

70.    The General Assembly of the State of South Carolina codified what is commonly known as the Unfair Trade Practices Act contained in S.C. Code Ann. Section 39-5-10.

71.    Upon information and belief, JAG is engaged in the business of conducting independent audits on behalf of private business and political subdivisions.

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

72.    At the time of its retention by the District, JAG was not permitted by the State Auditor to conduct audits on South Carolina public school districts.

73.    JAG willfully, intentionally, and with conscious indifference to Dr. Hefner's rights, used its services to publish a report that defamed Dr. Hefner. Moreover, JAG's report violates S.C. Code Ann. Section 40-5-310 amounting to unauthorized practice of law and includes countless patently false allegations about other private citizens and local businesses.

74.    JAG's conduct of entering into an agreement with District for the purpose of conducting an "independent investigatory audit" to only in turn allow Mr. Loveless, Ms. Huddle, and Ms. Hammond to use it as a medium to defame Dr. Hefner, local businesses, and members of the community amounts to egregious deceptive conduct.

75.    JAG's conduct adversely impacted the public interest and is easily capable of repetition on another political subdivision's behalf as JAG is now on the list of approved vendors who are approved to conduct public audits.

76.    JAG knew or should have known its conduct violated or would be in violation of the Act.

77.    As a result, Dr. Hefner is entitled to actual damages, attorneys' fees, costs, and treble damages pursuant to S.C. Code Ann. Section 39-5-140(a) for prosecuting this action.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, the Plaintiff respectfully requests to be awarded all actual, consequential, punitive, and any other damages permitted by South Carolina law, including treble damages under SCUPTA, in an amount to be determined by the trier of fact.

*[Signature block on following page]*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/Thomas William McGee, III
  Thomas William McGee, III
  SC Bar No. 11317
  E-Mail: billy.mcgee@nelsonmullins.com
  1320 Main Street / 17th Floor
  Post Office Box 11070 (29211-1070)
  Columbia, SC  29201
  (803) 799-2000

  Attorneys for Plaintiff Dr. Stephen Hefner

Columbia, South Carolina

March 22, 2023.

ELECTRONICALLY FILED - 2023 Mar 22 4:05 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

ELECTRONICALLY FILED - 2022 Jan 10 12:39 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | ELEVENTH JUDICIAL CIRCUIT |
| COUNTY OF LEXINGTON ) | |

| | |
|---|---|
| School District Five of Lexington and Richland ) Counties, ) | Civil Action No.  2021-CP-32-03699 |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT DR. STEPHEN** |
| v. ) | **HEFNER'S ANSWER AND** |
| ) | **COUNTERCLAIM** |
| Dr. Stephen Hefner, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant Dr. Stephen Hefner ("Defendant" or "Dr. Hefner") hereby answers the allegations of Plaintiff School District Five of Lexington and Richland Counties' ("Plaintiff" or "the District") Complaint as follows:

## GENERAL DENIAL

Defendant denies any and all allegations of the Complaint not specifically admitted herein.

## FOR A FIRST DEFENSE AND BY WAY OF ANSWER

1.      Defendant admits the allegations of Paragraph 1.

2.      Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that S.C. Code Ann. § 59-17-10 speaks for itself. Defendant denies any remaining allegations of Paragraph 2.

3.      Defendant admits that he previously served as the District's Superintendent of Schools and that he is presently retired. Further responding to Paragraph 3, Defendant denies that he is a citizen of Lexington County.

4.      Defendant admits that this Court has jurisdiction over the parties and the subject matter of this action. Defendant denies that venue is proper in Lexington County.

5.      Upon information and belief, Defendant admits the allegations of Paragraph 5.

ELECTRONICALLY FILED - 2022 Jan 10 12:39 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

6.     Upon information and belief, Defendant admits the allegations of Paragraph 6.

7.     Upon information and belief, Defendant admits the allegations of Paragraph 7.

8.     Upon information and belief, Defendant admits the allegations of Paragraph 8.

9.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies those allegations.

10.    Responding to Paragraph 10, Defendant admits that he became aware of the agreement at some point after it was signed. Defendant denies the remaining allegations of Paragraph 10.

11.    Paragraph 11 references an August 8, 2021, article from *the State* newspaper which speaks for itself, and Defendant denies any allegations inconsistent with the article. Defendant denies the remaining allegations of Paragraph 11.

12.    Paragraph 12 references an August 4, 2021, letter to Cognia and signed by Defendant, which speaks for itself, and Defendant denies any allegations inconsistent with the letter. Defendant denies the remaining allegations of Paragraph 12.

13.    Paragraph 13 references an August 4, 2021, letter to Cognia and signed by Defendant, which speaks for itself, and Defendant denies any allegations inconsistent with the letter. Defendant denies the remaining allegations of Paragraph 13.

14.    Paragraph 14 references an August 4, 2021, letter to Cognia and signed by Defendant, which speaks for itself, and Defendant denies any allegations inconsistent with the letter. Defendant denies the remaining allegations of Paragraph 14.

15.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies those allegations.

ELECTRONICALLY FILED - 2022 Jan 10 12:39 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

16.     Responding to Paragraph 16, Defendant admits that he did not contact any Board member or Dr. Ross prior to sending his letter to Cognia. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and, therefore, denies those allegations.

17.     Paragraph 17 references an August 23, 2021, letter from the Board's legal counsel to Defendant, which speaks for itself, and Defendant denies any allegations inconsistent with the letter. Defendant denies the remaining allegations of Paragraph 17.

18.     Defendant admits the allegations of Paragraph 18.

19.     Defendant denies Paragraph 19.

20.     Paragraph 20 references an August 4, 2021, letter to Cognia and signed by Defendant, which speaks for itself, and Defendant denies any allegations inconsistent with the letter. Defendant denies the remaining allegations of Paragraph 20.

21.     Responding to Paragraph 21, Defendant admits that he has not apologized to the District or Dr. Ross because he in no way interfered with the contract between the District and HeartEd, LLC or otherwise acted improperly. Defendant denies the remaining allegations of Paragraph 21.

22.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies those allegations.

23.     Defendant denies Paragraph 23.

24.     Defendant denies the second Paragraph 23.

25.     Defendant denies Paragraph 24

ELECTRONICALLY FILED - 2022 Jan 10 12:39 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

## CAUSE OF ACTION
### (Interference with a Contractual Relationship)

26.    Responding to Paragraph 25, Defendant incorporates its responses to the proceeding paragraphs as if repeated verbatim herein.

27.    Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Paragraph 26.

28.    Defendant admits the allegations of Paragraph 27.

29.    Defendant denies Paragraph 28.

30.    Defendant denies Paragraph 29.

31.    Defendant denies Paragraph 30.

32.    Defendant denies the allegations alleged in the final, unnumbered Paragraph in the Complaint and opposes all relief sought therein.

### FOR A SECOND DEFENSE

33.    The Complaint fails to state a claim for relief against Defendant upon which relief may be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6), SCRCP.

### FOR A THIRD DEFENSE

34.    Venue is not proper in Lexington County, South Carolina, and therefore, the Complaint should be dismissed pursuant to Rule 12(b)(3), SCRCP.

### FOR A FOURTH DEFENSE

35.    Plaintiff's claims are barred because the Defendant's conduct is protected by the First Amendment of the United States Constitution.

ELECTRONICALLY FILED - 2022 Jan 10 12:39 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

### FOR A FIFTH DEFENSE

36.    To the extent Plaintiff seeks punitive or exemplary damages, those claims violate Defendant's rights to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Carolina.

### FOR A SIXTH DEFENSE

37.    Any claim for punitive damages is subject to the caps and limitations set forth in S.C. Code Ann. § 15-32-530, and Defendant pleads and incorporates all defenses, limitations or damages, and other privileges contained in S.C. Code Ann. § 15-32-520 and 15-32-530.

### FOR A SEVENTH DEFENSE

38.    Defendant would show that Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

### FOR AN EIGHTH DEFENSE

39.    Plaintiff's claims are frivolous and in violation of the South Carolina Frivolous Proceedings Sanctions Act, S.C. Code Ann. § 15-36-10, et. seq.

### FOR A NINTH DEFENSE

40.    Defendant gives notice that it intends to rely upon such other affirmative defense as may become available or apparent during the course of discovery, and, thus, reserves the right to amend its Answer to assert such defenses and does not waive any other defenses that may become available.

### FOR A TENTH DEFENSE AND BY WAY OF COUNTERCLAIM

41.    Dr. Hefner incorporates his responses to the proceeding paragraphs by reference.

ELECTRONICALLY FILED - 2022 Jan 10 12:39 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

**PARTIES AND JURISDICTION**

42.     Dr. Hefner is an individual and a citizen and resident of Richland County, South Carolina. Dr. Hefner served as the District's Superintendent of Schools from January 1, 2011 to June 30, 2018.

43.     The District is a political subdivision of the State of South Carolina providing K-12 educational services to students residing within its boundaries in Lexington and Richland Counties, South Carolina. The District is governed by an elected Board of Trustees (hereinafter "the Board"), composed of seven people.

44.     Jurisdiction is and venue are appropriate in this Court.

**FACTS**

45.     Cognia is a non-profit organization that accredits primary and secondary school throughout the United States, including the District.

46.     HeartEd, LLC is an educational consulting company owned by Dr. Akil Ross.

47.     One of more current members of the Board have previously donated to entities, organizations, or charities owned and/or operated by Dr. Akil Ross, including but not limited to HeartEd Youth Zone.

48.     On June 22, 2021, the Board entered into an agreement with HeartEd, LLC to have Dr. Akil Ross serve as the Chief Executive Officer of the District under the title of Interim Superintendent.

49.     The District's agreement with HeartEd, LLC raised genuine concerns for Dr. Hefner and many others in the community, including two other former superintendents of the District and two former chairs of the Board.

ELECTRONICALLY FILED - 2022 Jan 10 12:39 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

50.     Dr. Hefner and others were concerned that the agreement between the District and HeartEd, LLC presented a potential conflict of interest and lack of accountability, as the entity cannot be licensed as a superintendent and the entity is directly affiliated with other entities that received significant contributions from at least one member of the Board.

51.     Based on these genuine concerns, on August 4, 2021, Dr. Hefner and four others sent a letter and complaint to Cognia.

52.     On August 23, 2021, an attorney for the District sent a letter to Dr. Hefner requesting that he withdraw the complaint with Cognia and that he and the other individuals who signed the complaint send a letter of apology to the Board and Dr. Ross.

53.     Also on August 23, 2021, the Board voted unanimously to retain an attorney to pursue a lawsuit for malicious interference with a contract *if* the complaint to Cognia was not withdrawn and if a an apology was not made.

54.     On September 3, 2021, Dr. Hefner and the other concerned citizens sent a second letter to Cognia.

55.     As explained in this second letter to Cognia, the purpose of the complaint was merely to protect the District and its students and to ensure the sustainability of the District's success.

56.     Upon information and belief, Cognia has not taken any action against the District in relation to the agreement between the District and HeartEd, LLC.

57.     Upon information and belief, the agreement between the District and HeartEd, LLC has not been breached by either party to that agreement and remains in full force and effect until its term naturally expires on June 30, 2022.

ELECTRONICALLY FILED - 2022 Jan 10 12:39 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

58.    Without any further action from the Board, the District filed the instant lawsuit on November 10, 2021, asserting a single cause of action against Dr. Hefner for intentional or tortious interference with a contractual relationship.

59.    Notably, the Complaint in this action is completely devoid of any allegation that Dr. Hefner intentionally procured the breach of the agreement between the District and HeartEd, LLC. In fact, the Complaint fails to even allege that the agreement was breached.

60.    It is well settled that the defendant's intentional procurement of the contract's breach is a necessary element to a claim for tortious interference with a contractual relationship. Simply put, "where there is no breach of the contract, there can be no recovery." *Sea Island Food Grp., LLC v. Yaschik Dev. Co., Inc.*, 433 S.C. 278, 286, 857 S.E.2d 902, 906 (Ct. App. 2021), *reh'g denied* (May 12, 2021) (quoting *Eldeco, Inc. v. Charleston Cty. Sch. Dist.*, 372 S.C. 470, 481, 642 S.E.2d 726, 732 (2007)).

61.    By filing the instant lawsuit with full knowledge that the agreement between the District and HeartEd, LLC was never breached, the District and its attorney have intentionally and knowingly filed a frivolous lawsuit in violation of S.C. Code Ann. § 15-36-10.

62.    The frivolousness of the instant lawsuit is further evidenced by the Board's own actions and comments following the filing of this suit.

63.    During a District Board Meeting on December 13, 2021, a Board member made a motion to dismiss the instant lawsuit.

64.    As that Board member explained, the motion on August 23, 2021, to potentially pursue legal remedies "was brought to the table ***before we truly knew the facts*** and where we're at now is the facts are the there was no investigation with Cognia. There's no money spent by the district on defending this. ***There wasn't legal representation that we needed to get.*** So with that

ELECTRONICALLY FILED - 2022 Jan 10 12:39 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

being said and knowing where we're at I feel that I think we should bring this back to the motion

to address where we're at right now." (emphasis added).

65.     In response, another Board member said as follows:

> Yeah, I'd like to hear from our attorney on that matter simply because I think that when someone is out to do the district harm and that somebody, if that situation had prevailed that's one of the five things in the state of South Carolina that the state government can take over a school district over. It was serious and it's still serious and for somebody that as a former superintendent that knew better than to do this my opinion of it is that they need, all ***all we're asking for is a formal apology to this school district and to Dr. Ross in particular. That's the only thing we're asking for.*** So I would like our attorney's advice as to what she thinks.

(emphasis added).

66.     Another Board member said as follows:

> At the time that we took that original motion that wasn't something, I mean that was, that kinda was put on the Board on the fly. There was a lot going on. A lot of media attention. A lot of uncertainties with whether or not our school district's accreditation was at risk. We didn't know what was happening at that time. At this point I don't think anyone is saying that or making, you know, the entire situation should not have happened. It put, you know, it put an undue burden on our staff. It put a bad light on our district and for what? There is no investigation that was warranted by Cognia. It was to me a little bit of a PR ploy. You know, that kind of stuff irritates me but at the end of the day a lot of things irritate me and, I mean, if somebody is going to make a complaint against the district or publicly say something bad against the district and then we make a precedent to sue every single person who says something negative about one of us we are going to be locked in litigation and that is, you know, that is not helping our students. This case already, we've already had to hire an attorney who has had to have conversations with Board Members, draft a Complaint, file a lawsuit. You know, he bills several hundred dollars an hour and we haven't even gotten an Answer to that Complaint. That we have taken money out of our classrooms and away from our teachers to help our students because we need an apology and that is not a good example to set to our students. I'm not saying that we don't reprimand or say, hey, you know what, that was a really jerk thing to do, it was, and I'm not saying that, I'm not justifying any of that behavior ***but when we start suing people for disagreeing with us I mean obviously Cognia has a method to be able to file a Complaint.*** If we're going to sue everyone who files a Complaint against us what are we teaching our kids? That's all, I mean…

ELECTRONICALLY FILED - 2022 Jan 10 12:39 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

(emphasis added).

67.    Yet another Board member stated:

> I don't think we're just suing someone, anybody who just filed a Complaint. This was specifically a previous superintendent, and a group of superintendents and people that banded together and decided to put it in The State newspaper before they told us about. It was clearly politically motivated and if we don't follow through with this they're going to continue to do those things because they do not agree with the current Board. They don't agree with the current superintendent or whoever we're going to hire and so I feel like we have to continue, and it won't be that much more. We have deadlines. We've already spent all this money like you said. It's not going to be that much more money to see this through. We've already done this. If we stop now, you know what it says to the world is that they were right, and we were wrong. That's what it says unfortunately. Like it or not. No one will see this discussion or what we've talked about. They will see the end result and they will do it again and again and again. He will continue to do it because he gets away with it.

68.    Ultimately, the Board's motion to dismiss the instant lawsuit failed to pass by a Board vote of 4-3.

69.    The discussion at the December 13, 2021, Board meeting conclusively and unequivocally establishes that the instant lawsuit was politically motivated and was filed merely to extract an "apology" from Dr. Hefner for simply exercising his right to free speech in sending letters to Cognia regarding matters of public interest.

70.    In fact, one Board member acknowledged that the decision to bring suit was made "before we truly knew the facts."

71.    Rather than seeking retribution for any legal violations, the Board is using public funds and the courts of this State to force an apology from a concerned member of the community that genuinely believed that the Board may have been entering into an agreement that was not in the best interest of the District, its employees, or its students.

ELECTRONICALLY FILED - 2022 Jan 10 12:39 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

72.    The court systems should not and cannot be used to settle mere differences of opinions and disagreements.

73.    The District's action of filing this lawsuit is particularly egregious because it is a political subdivision of the State of South Carolina, and its decision to pursue this lawsuit was made under color of State law.

74.    The August 4, 2021 letter and complaint to Cognia and the September 3, 2021 letter to Cognia represent Dr. Hefner's and the other signatories' exercise of their free speech rights under the First Amendment of the United States Constitution.

75.    In response to that protected conduct, the District filed this instant lawsuit in retaliation and in an attempt to silence Dr. Hefner, the other signatories, and any other member of the public who dare to speak ill of or disagree with the District or its Board.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Violation of First Amendment Rights)**

76.    Dr. Hefner realleges and incorporates by reference the allegations of the preceding paragraphs into this claim for relief.

77.    The First Amendment of the United States Constitution protects the free expression of protected speech as well as the right to be free from retaliation for the exercise of that right.

78.    The First Amendment was made applicable to the States through the Fourteenth Amendment to the United States Constitution.

79.    Dr. Hefner engaged in constitutionally protected speech by sending a letter and complaint documenting his concerns to Cognia.

80.    Plaintiff retaliated against Dr. Hefner's exercise of free speech by filing this frivolous lawsuit in an attempt to obstruct, deter, and chill Dr. Hefner's First Amendment rights.

ELECTRONICALLY FILED - 2022 Jan 10 12:39 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

81.     Plaintiff, acting under color of State law, has deprived Dr. Hefner of his right to free speech and has retaliated against Dr. Hefner for exercising the rights secured by the First and Fourteenth Amendments of the United States Constitution, in violation of 42 U.S.C. § 1983.

82.     Plaintiff's actions would cause a reasonable person to cease to engage in a constitutionally protected activity. The conduct alleged herein has and will continue to have a chilling effect on private citizens' ability to express disagreement with Plaintiff for fear of retaliatory action by Plaintiff. This conduct impacts both past and future constitutionally protected rights.

83.     Plaintiff's conduct that deprived Dr. Hefner of his constitutionally protected rights and privileges was arbitrary, capricious, retaliatory, not substantially related to any legitimate governmental interest, and was not a legitimate exercise of power.

84.     As a direct result of Plaintiff's violation of Dr. Hefner's First Amendment Rights, Dr. Hefner has suffered, and continues to suffer, and is entitled to recover damages, costs, and attorneys' fees.

85.     Furthermore, Plaintiff has acted with deliberate indifference to Dr. Hefner's First Amendment rights. These actions were intentional and performed with malice, oppression, and in callous and wanton disregard of the constitutional rights of Dr. Hefner, so that Dr. Hefner is entitled to an award of punitive damages against Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, the Defendant respectfully requests as follows:

1.     The Plaintiff have and recover nothing on its Complaint and that the same be dismissed with prejudice;

2.     That Defendant be awarded actual and punitive damages in an amount to be determined at trial, and that judgment be entered in favor of Defendant against Plaintiff;

ELECTRONICALLY FILED - 2022 Jan 10 12:39 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

3.      That the cost of this action be taxed against the Plaintiff and that Defendant have and recover defense costs, attorneys' fees and any other consequential damages to the extent each may be permitted under applicable law; and

4.      That Defendant have and recover such other and further relief as the Court may deem just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *s/Thomas William McGee, III*
      Thomas William McGee, III
      SC Bar No. 11317
      E-Mail: billy.mcgee@nelsonmullins.com
      1320 Main Street / 17th Floor
      Post Office Box 11070 (29211-1070)
      Columbia, SC  29201
      (803) 799-2000

      Attorneys for Defendant Dr. Stephen Hefner

Columbia, South Carolina

January 10, 2022.

ELECTRONICALLY FILED - 2022 Jan 27 12:37 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) |
| | ) IN THE COURT OF COMMON PLEAS |
| COUNTY OF LEXINGTON | ) ELEVENTH JUDICIAL CIRCUIT |
| | |

STATE OF SOUTH CAROLINA ) 
                     ) IN THE COURT OF COMMON PLEAS

COUNTY OF LEXINGTON ) ELEVENTH JUDICIAL CIRCUIT

School District Five of Lexington and Richland )    Civil Action No.   2021-CP-32-03699
Counties, )
                          )
                Plaintiff, )
                          ) **DEFENDANT DR. STEPHEN**
          v.             ) **HEFNER'S AMENDED ANSWER AND**
                          ) **COUNTERCLAIM**
Dr. Stephen Hefner, )
                          )
             Defendant. )
_____ )

Defendant Dr. Stephen Hefner ("Defendant" or "Dr. Hefner") hereby answers the allegations of Plaintiff School District Five of Lexington and Richland Counties' ("Plaintiff" or "the District") Complaint as follows:

## GENERAL DENIAL

Defendant denies any and all allegations of the Complaint not specifically admitted herein.

## FOR A FIRST DEFENSE AND BY WAY OF ANSWER

1.      Defendant admits the allegations of Paragraph 1.

2.      Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that S.C. Code Ann. § 59-17-10 speaks for itself. Defendant denies any remaining allegations of Paragraph 2.

3.      Defendant admits that he previously served as the District's Superintendent of Schools and that he is presently retired. Further responding to Paragraph 3, Defendant denies that he is a citizen of Lexington County.

4.      Defendant admits that this Court has jurisdiction over the parties and the subject matter of this action. Defendant denies that venue is proper in Lexington County.

5.      Upon information and belief, Defendant admits the allegations of Paragraph 5.

ELECTRONICALLY FILED - 2022 Jan 27 12:37 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

6.    Upon information and belief, Defendant admits the allegations of Paragraph 6.

7.    Upon information and belief, Defendant admits the allegations of Paragraph 7.

8.    Upon information and belief, Defendant admits the allegations of Paragraph 8.

9.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies those allegations.

10.    Responding to Paragraph 10, Defendant admits that he became aware of the agreement at some point after it was signed. Defendant denies the remaining allegations of Paragraph 10.

11.    Paragraph 11 references an August 8, 2021, article from *the State* newspaper which speaks for itself, and Defendant denies any allegations inconsistent with the article. Defendant denies the remaining allegations of Paragraph 11.

12.    Paragraph 12 references an August 4, 2021, letter to Cognia and signed by Defendant, which speaks for itself, and Defendant denies any allegations inconsistent with the letter. Defendant denies the remaining allegations of Paragraph 12.

13.    Paragraph 13 references an August 4, 2021, letter to Cognia and signed by Defendant, which speaks for itself, and Defendant denies any allegations inconsistent with the letter. Defendant denies the remaining allegations of Paragraph 13.

14.    Paragraph 14 references an August 4, 2021, letter to Cognia and signed by Defendant, which speaks for itself, and Defendant denies any allegations inconsistent with the letter. Defendant denies the remaining allegations of Paragraph 14.

15.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies those allegations.

ELECTRONICALLY FILED - 2022 Jan 27 12:37 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

16.    Responding to Paragraph 16, Defendant admits that he did not contact any Board member or Dr. Ross prior to sending his letter to Cognia. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and, therefore, denies those allegations.

17.    Paragraph 17 references an August 23, 2021, letter from the Board's legal counsel to Defendant, which speaks for itself, and Defendant denies any allegations inconsistent with the letter. Defendant denies the remaining allegations of Paragraph 17.

18.    Defendant admits the allegations of Paragraph 18.

19.    Defendant denies Paragraph 19.

20.    Paragraph 20 references an August 4, 2021, letter to Cognia and signed by Defendant, which speaks for itself, and Defendant denies any allegations inconsistent with the letter. Defendant denies the remaining allegations of Paragraph 20.

21.    Responding to Paragraph 21, Defendant admits that he has not apologized to the District or Dr. Ross because he in no way interfered with the contract between the District and HeartEd, LLC or otherwise acted improperly. Defendant denies the remaining allegations of Paragraph 21.

22.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies those allegations.

23.    Defendant denies Paragraph 23.

24.    Defendant denies the second Paragraph 23.

25.    Defendant denies Paragraph 24

ELECTRONICALLY FILED - 2022 Jan 27 12:37 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

## CAUSE OF ACTION
### (Interference with a Contractual Relationship)

26.    Responding to Paragraph 25, Defendant incorporates its responses to the proceeding paragraphs as if repeated verbatim herein.

27.    Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Paragraph 26.

28.    Defendant admits the allegations of Paragraph 27.

29.    Defendant denies Paragraph 28.

30.    Defendant denies Paragraph 29.

31.    Defendant denies Paragraph 30.

32.    Defendant denies the allegations alleged in the final, unnumbered Paragraph in the Complaint and opposes all relief sought therein.

### FOR A SECOND DEFENSE

33.    The Complaint fails to state a claim for relief against Defendant upon which relief may be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6), SCRCP.

### FOR A THIRD DEFENSE

34.    Venue is not proper in Lexington County, South Carolina, and therefore, the Complaint should be dismissed pursuant to Rule 12(b)(3), SCRCP.

### FOR A FOURTH DEFENSE

35.    Plaintiff's claims are barred because the Defendant's conduct is protected by the First Amendment of the United States Constitution.

ELECTRONICALLY FILED - 2022 Jan 27 12:37 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

### FOR A FIFTH DEFENSE

36.     To the extent Plaintiff seeks punitive or exemplary damages, those claims violate Defendant's rights to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Carolina.

### FOR A SIXTH DEFENSE

37.     Any claim for punitive damages is subject to the caps and limitations set forth in S.C. Code Ann. § 15-32-530, and Defendant pleads and incorporates all defenses, limitations or damages, and other privileges contained in S.C. Code Ann. § 15-32-520 and 15-32-530.

### FOR A SEVENTH DEFENSE

38.     Defendant would show that Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

### FOR AN EIGHTH DEFENSE

39.     Plaintiff's claims are frivolous and in violation of the South Carolina Frivolous Proceedings Sanctions Act, S.C. Code Ann. § 15-36-10, et. seq.

### FOR A NINTH DEFENSE

40.     Defendant gives notice that it intends to rely upon such other affirmative defense as may become available or apparent during the course of discovery, and, thus, reserves the right to amend its Answer to assert such defenses and does not waive any other defenses that may become available.

### FOR A TENTH DEFENSE AND BY WAY OF COUNTERCLAIM

41.     Dr. Hefner incorporates his responses to the proceeding paragraphs by reference.

ELECTRONICALLY FILED - 2022 Jan 27 12:37 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

## PARTIES AND JURISDICTION

42.     Dr. Hefner is an individual and a citizen and resident of Richland County, South Carolina. Dr. Hefner served as the District's Superintendent of Schools from January 1, 2011 to June 30, 2018.

43.     The District is a political subdivision of the State of South Carolina providing K-12 educational services to students residing within its boundaries in Lexington and Richland Counties, South Carolina. The District is governed by an elected Board of Trustees (hereinafter "the Board"), composed of seven people.

44.     Jurisdiction is and venue are appropriate in this Court.

## FACTS

45.     Cognia is a non-profit organization that accredits primary and secondary school throughout the United States, including the District.

46.     HeartEd, LLC is an educational consulting company owned by Dr. Akil Ross.

47.     One of more current members of the Board have previously donated to entities, organizations, or charities owned and/or operated by Dr. Akil Ross, including but not limited to HeartEd Youth Zone.

48.     On June 22, 2021, the Board entered into an agreement with HeartEd, LLC to have Dr. Akil Ross serve as the Chief Executive Officer of the District under the title of Interim Superintendent.

49.     The District's agreement with HeartEd, LLC raised genuine concerns for Dr. Hefner and many others in the community, including two other former superintendents of the District and two former chairs of the Board.

ELECTRONICALLY FILED - 2022 Jan 27 12:37 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

50.     Dr. Hefner and others were concerned that the agreement between the District and HeartEd, LLC presented a potential conflict of interest and lack of accountability, as the entity cannot be licensed as a superintendent and the entity is directly affiliated with other entities that received significant contributions from at least one member of the Board.

51.     Based on these genuine concerns, on August 4, 2021, Dr. Hefner and four others sent a letter and complaint to Cognia.

52.     On August 23, 2021, an attorney for the District sent a letter to Dr. Hefner requesting that he withdraw the complaint with Cognia and that he and the other individuals who signed the complaint send a letter of apology to the Board and Dr. Ross.

53.     Also on August 23, 2021, the Board voted unanimously to retain an attorney to pursue a lawsuit for malicious interference with a contract *if* the complaint to Cognia was not withdrawn and if a an apology was not made.

54.     On September 3, 2021, Dr. Hefner and the other concerned citizens sent a second letter to Cognia.

55.     As explained in this second letter to Cognia, the purpose of the complaint was merely to protect the District and its students and to ensure the sustainability of the District's success.

56.     Upon information and belief, Cognia has not taken any action against the District in relation to the agreement between the District and HeartEd, LLC.

57.     Upon information and belief, the agreement between the District and HeartEd, LLC has not been breached by either party to that agreement and remains in full force and effect until its term naturally expires on June 30, 2022.

ELECTRONICALLY FILED - 2022 Jan 27 12:37 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

58.     Without any further action from the Board, the District filed the instant lawsuit on November 10, 2021, asserting a single cause of action against Dr. Hefner for intentional or tortious interference with a contractual relationship.

59.     Notably, the Complaint in this action is completely devoid of any allegation that Dr. Hefner intentionally procured the breach of the agreement between the District and HeartEd, LLC. In fact, the Complaint fails to even allege that the agreement was breached.

60.     It is well settled that the defendant's intentional procurement of the contract's breach is a necessary element to a claim for tortious interference with a contractual relationship. Simply put, "where there is no breach of the contract, there can be no recovery." *Sea Island Food Grp., LLC v. Yaschik Dev. Co., Inc.*, 433 S.C. 278, 286, 857 S.E.2d 902, 906 (Ct. App. 2021), *reh'g denied* (May 12, 2021) (quoting *Eldeco, Inc. v. Charleston Cty. Sch. Dist.*, 372 S.C. 470, 481, 642 S.E.2d 726, 732 (2007)).

61.      By filing the instant lawsuit with full knowledge that the agreement between the District and HeartEd, LLC was never breached, the District and its attorney have intentionally and knowingly filed a frivolous lawsuit in violation of S.C. Code Ann. § 15-36-10.

62.     The frivolousness of the instant lawsuit is further evidenced by the Board's own actions and comments following the filing of this suit.

63.     During a District Board Meeting on December 13, 2021, a Board member made a motion to dismiss the instant lawsuit.

64.     As that Board member explained, the motion on August 23, 2021, to potentially pursue legal remedies "was brought to the table ***before we truly knew the facts*** and where we're at now is the facts are the there was no investigation with Cognia. There's no money spent by the district on defending this. ***There wasn't legal representation that we needed to get.*** So with that

8

ELECTRONICALLY FILED - 2022 Jan 27 12:37 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

being said and knowing where we're at I feel that I think we should bring this back to the motion to address where we're at right now." (emphasis added).

65.    In response, another Board member said as follows:

> Yeah, I'd like to hear from our attorney on that matter simply because I think that when someone is out to do the district harm and that somebody, if that situation had prevailed that's one of the five things in the state of South Carolina that the state government can take over a school district over. It was serious and it's still serious and for somebody that as a former superintendent that knew better than to do this my opinion of it is that they need, all ***all we're asking for is a formal apology to this school district and to Dr. Ross in particular. That's the only thing we're asking for.*** So I would like our attorney's advice as to what she thinks.

(emphasis added).

66.    Another Board member said as follows:

> At the time that we took that original motion that wasn't something, I mean that was, that kinda was put on the Board on the fly. There was a lot going on. A lot of media attention. A lot of uncertainties with whether or not our school district's accreditation was at risk. We didn't know what was happening at that time. At this point I don't think anyone is saying that or making, you know, the entire situation should not have happened. It put, you know, it put an undue burden on our staff. It put a bad light on our district and for what? There is no investigation that was warranted by Cognia. It was to me a little bit of a PR ploy. You know, that kind of stuff irritates me but at the end of the day a lot of things irritate me and, I mean, if somebody is going to make a complaint against the district or publicly say something bad against the district and then we make a precedent to sue every single person who says something negative about one of us we are going to be locked in litigation and that is, you know, that is not helping our students. This case already, we've already had to hire an attorney who has had to have conversations with Board Members, draft a Complaint, file a lawsuit. You know, he bills several hundred dollars an hour and we haven't even gotten an Answer to that Complaint. That we have taken money out of our classrooms and away from our teachers to help our students because we need an apology and that is not a good example to set to our students. I'm not saying that we don't reprimand or say, hey, you know what, that was a really jerk thing to do, it was, and I'm not saying that, I'm not justifying any of that behavior ***but when we start suing people for disagreeing with us I mean obviously Cognia has a method to be able to file a Complaint.*** If we're going to sue everyone who files a Complaint against us what are we teaching our kids? That's all, I mean…

ELECTRONICALLY FILED - 2022 Jan 27 12:37 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

(emphasis added).

67.     Yet another Board member stated:

> I don't think we're just suing someone, anybody who just filed a Complaint. This was specifically a previous superintendent, and a group of superintendents and people that banded together and decided to put it in The State newspaper before they told us about. It was clearly politically motivated and if we don't follow through with this they're going to continue to do those things because they do not agree with the current Board. They don't agree with the current superintendent or whoever we're going to hire and so I feel like we have to continue, and it won't be that much more. We have deadlines. We've already spent all this money like you said. It's not going to be that much more money to see this through. We've already done this. If we stop now, you know what it says to the world is that they were right, and we were wrong. That's what it says unfortunately. Like it or not. No one will see this discussion or what we've talked about. They will see the end result and they will do it again and again and again. He will continue to do it because he gets away with it.

68.     Ultimately, the Board's motion to dismiss the instant lawsuit failed to pass by a Board vote of 4-3.

69.     The discussion at the December 13, 2021, Board meeting conclusively and unequivocally establishes that the instant lawsuit was politically motivated and was filed merely to extract an "apology" from Dr. Hefner for simply exercising his right to free speech in sending letters to Cognia regarding matters of public interest.

70.     In fact, one Board member acknowledged that the decision to bring suit was made "before we truly knew the facts."

71.     Rather than seeking retribution for any legal violations, the Board is using public funds and the courts of this State to force an apology from a concerned member of the community that genuinely believed that the Board may have been entering into an agreement that was not in the best interest of the District, its employees, or its students.

ELECTRONICALLY FILED - 2022 Jan 27 12:37 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

72.     The court systems should not and cannot be used to settle mere differences of opinions and disagreements.

73.     The District's action of filing this lawsuit is particularly egregious because it is a political subdivision of the State of South Carolina, and its decision to pursue this lawsuit was made under color of State law.

74.     The August 4, 2021 letter and complaint to Cognia and the September 3, 2021 letter to Cognia represent Dr. Hefner's and the other signatories' exercise of their free speech rights under the First Amendment of the United States Constitution.

75.     In response to that protected conduct, the District filed this instant lawsuit in retaliation and in an attempt to silence Dr. Hefner, the other signatories, and any other member of the public who dare to speak ill of or disagree with the District or its Board.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – Violation of First Amendment Rights)

76.     Dr. Hefner realleges and incorporates by reference the allegations of the preceding paragraphs into this claim for relief.

77.     The First Amendment of the United States Constitution protects the free expression of protected speech as well as the right to be free from retaliation for the exercise of that right.

78.     The First Amendment was made applicable to the States through the Fourteenth Amendment to the United States Constitution.

79.     Dr. Hefner engaged in constitutionally protected speech by sending a letter and complaint documenting his concerns to Cognia.

80.     Plaintiff retaliated against Dr. Hefner's exercise of free speech by filing this frivolous lawsuit in an attempt to obstruct, deter, and chill Dr. Hefner's First Amendment rights.

ELECTRONICALLY FILED - 2022 Jan 27 12:37 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

81.     Plaintiff, acting under color of State law, has deprived Dr. Hefner of his right to free speech and has retaliated against Dr. Hefner for exercising the rights secured by the First and Fourteenth Amendments of the United States Constitution, in violation of 42 U.S.C. § 1983.

82.     Plaintiff's actions would cause a reasonable person to cease to engage in a constitutionally protected activity. The conduct alleged herein has and will continue to have a chilling effect on private citizens' ability to express disagreement with Plaintiff for fear of retaliatory action by Plaintiff. This conduct impacts both past and future constitutionally protected rights.

83.     Plaintiff's conduct that deprived Dr. Hefner of his constitutionally protected rights and privileges was arbitrary, capricious, retaliatory, not substantially related to any legitimate governmental interest, and was not a legitimate exercise of power.

84.     As a direct result of Plaintiff's violation of Dr. Hefner's First Amendment Rights, Dr. Hefner has suffered, and continues to suffer, and is entitled to recover damages, costs, and attorneys' fees.

85.     Furthermore, Plaintiff has acted with deliberate indifference to Dr. Hefner's First Amendment rights. These actions were intentional and performed with malice, oppression, and in callous and wanton disregard of the constitutional rights of Dr. Hefner, so that Dr. Hefner is entitled to an award of punitive damages against Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, the Defendant respectfully requests as follows:

1.     The Plaintiff have and recover nothing on its Complaint and that the same be dismissed with prejudice;

2.     That Defendant be awarded actual and punitive damages in an amount to be determined at trial, and that judgment be entered in favor of Defendant against Plaintiff;

ELECTRONICALLY FILED - 2022 Jan 27 12:37 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

3.      That the cost of this action be taxed against the Plaintiff and that Defendant have
and recover defense costs, attorneys' fees and any other consequential damages to
the extent each may be permitted under applicable law including, but not limited
to, 42 U.S.C. § 1983, S.C. Code Section 15-77-300, *et. seq.*, the South Carolina
Frivolous Civil Proceedings Sanctions Act, and all other relevant state and federal
authorities; and

4.      That Defendant have and recover such other and further relief as the Court may
deem just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *s/Thomas William McGee, III*
Thomas William McGee, III
SC Bar No. 11317
E-Mail: billy.mcgee@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC  29201
(803) 799-2000

Attorneys for Defendant Dr. Stephen Hefner

Columbia, South Carolina

January 27, 2022.

ELECTRONICALLY FILED - 2022 Feb 15 4:30 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

STATE OF SOUTH CAROLINA

COUNTY OF LEXINGTON

School District Five of Lexington and
Richland Counties,

                                    Plaintiff,

                    v.

Dr. Stephen Hefner,
                                    Defendant.

IN THE COURT OF COMMON PLEAS
ELEVENTH JUDICIAL CIRCUIT

C.A. No.: 2021-cp-32-03699

**PLAINTIFF'S ANSWER TO
COUNTERCLAIM AND AFFIRMATIVE
DEFENSES**

COMES NOW, Plaintiffs School District Five of Lexington and Richland Counties, by and

through their undersigned counsel an file this PLAINTIFF's ANSWER TO COUNTERCLAIM

OF DEFNDANT STEPHEN HEFNER as follows:

### <u>GENERAL DENIAL</u>

Defendant denies any and all allegations of the Complaint not specifically admitted herein

### <u>FOR A FIRST DEFENSE AND BY WAY OF ANSWER</u>

1.  Plaintiff admits Dr. Hefner is an individual and served as Superintendent from January

    1, 2011 to June 30, 2018. Plaintiff lacks sufficient information to form a belief as to the

    truth of remaining allegation contained in Paragraph 42 and, therefore, denies that

    allegation.

2.  Plaintiff admits the allegation of Paragraph 43.

3.  Plaintiff admits the allegation of Paragraph 44.

4.  Plaintiff admits the allegation of Paragraph 45.

5.  Plaintiff admits the allegation of Paragraph 46

6.  Plaintiff admits in part and denies in part the allegations in Paragraph 47.

ELECTRONICALLY FILED - 2022 Feb 15 4:30 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

7. Paragraph 48 references a publicly available Contract. The Contract speaks for itself. Plaintiff denies any allegations inconsistent with the contract.

8. Plaintiff lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 49 and , therefore, denies those allegations.

9. Plaintiff lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 50 and , therefore, denies those allegations.

10. Paragraph 51 references an August 4, 2021, letter which speaks for itself.  Plaintiff denies the remaining allegations of Paragraph 51.

11. Paragraph 52 references an August 23, 2021, letter which speaks for itself, and Plaintiff denies any allegations inconsistent with the letter.  Plaintiff denies remaining allegations of Paragraph 52.

12. Paragraph 53 references a public vote and discussion by the Board.  The public vote speaks for itself.  Plaintiff denies any allegations inconsistent with the public vote. Plaintiff denies remaining allegations of Paragraph 53.

13. Paragraph 54 references a September 3, 2021, letter, which speaks for itself.  Plaintiff denies remaining allegations of Paragraph 54.

14. Paragraph 55 references a letter, which speaks for itself.  Plaintiff denies remaining allegations of Paragraph 55.

15. Plaintiff admits the allegation of Paragraph 56.

16. Paragraph 57 references a contract.  The Contract speaks for itself.  Plaintiff admits neither party has breached the Contract.  Plaintiff denies remaining allegations of Paragraph 57.

ELECTRONICALLY FILED - 2022 Feb 15 4:30 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

17. Paragraph 58 references the instant lawsuit.  The filed Complaint speaks for itself. Plaintiff denies remaining allegations of Paragraph 58.

18. Plaintiff denies the allegation of Paragraph 59.

19. Paragraph 60 states a legal conclusion to which no response is required.  Defendant denies any remaining allegations of Paragraph 60.

20. Plaintiff denies the allegation of Paragraph 61.

21. Plaintiff denies the allegation of Paragraph 62.

22. Paragraph 63 references a motion made by an individual Board member on December 13, 2021.  That motion speaks for itself.  Plaintiff denies any allegation inconsistent with that motion. Plaintiff denies the remaining allegations of Paragraph 63.

23. Paragraph 64 references comments made by individual Board members during the December 13, 2021, Board meeting.  The record of comments speaks for itself. Plaintiff denies any allegation inconsistent with those comments. Plaintiff denies the remaining allegations of Paragraph 64.

24. Paragraph 65 references comments made by individual Board members during the December 13, 2021, Board meeting.  The record of comments speaks for itself. Plaintiff denies any allegation inconsistent with those comments. Plaintiff denies the remaining allegations of Paragraph 65.

25. Paragraph 66 references comments made by individual Board members during the December 13, 2021, Board meeting.  The record of comments speaks for itself. Plaintiff denies any allegation inconsistent with those comments. Plaintiff denies the remaining allegations of Paragraph 66.

ELECTRONICALLY FILED - 2022 Feb 15 4:30 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

26. Paragraph 67 references comments made by individual Board members during the December 13, 2021, Board meeting.  The record of comments speaks for itself. Plaintiff denies any allegation inconsistent with those comments. Plaintiff denies the remaining allegations of Paragraph 67.

27. Paragraph 68 references a vote by the Board on December 13, 2021.  That vote speaks for itself.  Plaintiff denies the remaining allegations of Paragraph 68.

28. Plaintiff denies the allegation of Paragraph 69.

29. Plaintiff lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies those allegations.

30. Plaintiff denies the allegation of Paragraph 71.

31. Plaintiff denies the allegation of Paragraph 72.

32. Plaintiff admits that the District is a political subdivision of the State.  Plaintiff denies the remaining allegation of Paragraph 73.

33. Plaintiff denies the allegation of Paragraph 74.

34. Plaintiff denies the allegation of Paragraph 75.

## CAUSE OF ACTION
### (42 U.S.C. §1983 – Violation of First Amendment Rights)

35. Responding to Paragraph 76, Plaintiff incorporates its responses to the proceeding paragraphs as if repeated verbatim herein.

36. Paragraph 77 states a legal conclusion to which no response is required.  To the extent a response is required, Plaintiff denies Paragraph 77.

37. Paragraph 78 states a legal conclusion to which no response is required.  To the extent a response is required, Plaintiff denies Paragraph 78.

38. Plaintiff denies the allegation of Paragraph 79.

ELECTRONICALLY FILED - 2022 Feb 15 4:30 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

39. Plaintiff denies the allegation of Paragraph 80.

40. Plaintiff admits that the Board acts under the color of State law. Plaintiff denies the remaining allegation of Paragraph 81.

41. Plaintiff denies the allegation of Paragraph 82.

42. Plaintiff denies the allegation of Paragraph 83.

43. Plaintiff denies the allegation of Paragraph 84.

44. Plaintiff denies the allegation of Paragraph 85.

45. Plaintiff denies the allegations alleged in the Paragraphs numbered 1, 2, 3, and 4 in Counterclaim under Prayer for Relief and opposes all relief sought therein.

### FOR A SECOND DEFENSE

46. The Counterclaim fails to state a claim for relief against Plaintiff upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6), SCRCP.

### FOR A THIRD DEFENSE

47. Any claim for punitive damages is subject to the caps and limitations set forth in S.C. Code ann. § 15-32-530 and Defendant pleads and incorporates all defenses, limitations, or damages, and other privileges contained in S.C. Code Ann. § 15-32-520 and 15-32-530.

### FOR A FOURTH DEFENSE

48. To the extent Plaintiff seeks punitive or exemplary damages, those claims violate Defendant's rights to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Carolina.

ELECTRONICALLY FILED - 2022 Feb 15 4:30 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

## FOR A FIFTH DEFENSE

49. Defendant gives notice that it intends to rely upon such other affirmative defense as may become available or apparent during the course of discovery, and, thus, reserves the right to amend its Answer to assert such defenses and does not waive any other defenses that may become available.

## FOR A SIXTH DEFENSE

50. The Plaintiff asserts that Defendant is pursuing a frivolous lawsuit, which due to the lack of a justiciable controversy, has not chance of succeeding.  Filing of frivolous lawsuits is barred by S.C. Code Ann. 15-36-10, *et. seq.*

## FOR A SEVENTH DEFENSE

51. Defendant is barred by the doctrines of laches, waiver, consent, and/or estoppel

## FOR AN EIGHTH DEFENSE

52. The District is a governmental entity within the provisions of the S.C. Tort Claims Act, S.C. Code Ann. §§15-78-10, *et seq.*, and is entitled to all the protections provided by the Act.

## For A NINTH DEFENSE

53. The District is immune from liability under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-60(5), because the alleged losses, damages, and injuries sustained by Defendant resulted from the exercise of discretion or judgment by the District and the District was not grossly negligent in exercising that discretion or judgment.

## FOR A TENTH DEFENSE

54. Plaintiffs cannot recover punitive damages against the District pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-120.

ELECTRONICALLY FILED - 2022 Feb 15 4:30 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

## **FOR AN ELEVENTH DEFENSE**

55. Board is protected by Qualified Immunity and are immune from suit when

performing discretionary functions.

Respectfully Submitted:

February 15, 2022                    s/Montrio Belton_____
Rock Hill, SC                        Montrio Belton (SC Bar #102189)
                                     Law Offices of Montrio Belton
                                     511 Saluda Street
                                     PO Box 566
                                     Rock Hill, SC  29731
                                     (803) 324 -4529 – Office
                                     (803) 324-4522 – Fax
                                     Montrio@montriobelton.com
                                     www.montriobelton.com

7

ELECTRONICALLY FILED - 2023 May 05 11:59 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

STATE OF SOUTH CAROLINA    )
                           )
COUNTY OF LEXINGTON         )
                           )
                           )
Dr. Stephen Hefner,         )
                           )
            Plaintiff,      )
                           )
v.                          )
                           )
School District Five of Lexington and    )
Richland Counties, Kenneth Loveless    )
individually and his official capacity,    )
Catherine Huddle individually and in her    )
official capacity, Jan Hammond    )
individually and her official capacity,    )
and Jaramillo Accounting Group, LLC,    )
                           )
            Defendants.      )
                           )
                           )
                           )
_____    )

**IN THE COURT OF COMMON PLEAS**

Civil Action Number: 2021-CP-32-03699

**DEFENDANT SCHOOL DISTRICT
FIVE OF LEXINGTON AND RICHLAND
COUNTIES' ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT**

**(Jury Trial Demanded)**

 

The Defendant, School District Five of Lexington and Richland Counties, answers the Amended Complaint of the Plaintiff as follows:

## **FOR A FIRST DEFENSE**

1.    The Plaintiff's Amended Complaint fails to state facts sufficient to constitute a cause of action against the Defendant and should therefore be dismissed.

## **FOR A SECOND DEFENSE**

2.    The Defendant denies each and every allegation of the Plaintiff's Amended Complaint not hereinafter specifically admitted, qualified, or explained.

3.    That as to paragraph 1 of the Plaintiff's Amended Complaint, the Defendant would admit same upon information and belief.

ELECTRONICALLY FILED - 2023 May 05 11:59 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

4.      As to paragraph 2 of the Plaintiff's Amended Complaint, the Defendant would generally admit same.   Further responding, Defendant asserts that School District Five of Lexington and Richland Counties is a political subdivision of the State of South Carolina pursuant to the terms and limitations of the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-10, *et seq*., and that Defendant's agents and/or employees were acting within the course and scope of their employment with School District Five of Lexington and Richland Counties at all times referenced in the Plaintiff's Amended Complaint pursuant to the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-70.

5.      As to paragraphs 3 and 4 of the Plaintiff's Amended Complaint, the Defendant, upon information and belief, would admit only that Mr. Loveless and Ms. Hammond are citizens and residents of Lexington County, South Carolina, and former Board members of School District Five of Lexington and Richland Counties.  As to any remaining allegations in paragraphs 3 and 4 of the Plaintiff's Amended Complaint, the Defendant would deny same as stated and demand strict proof thereof.

6.      As to paragraph 5 of the Plaintiff's Amended Complaint, the Defendant, upon information and belief, would admit only that Ms. Huddle is a citizen and resident of Lexington County, South Carolina, and a current Board member of School District Five of Lexington and Richland Counties.  As to any remaining allegations in paragraph 5 of the Plaintiff's Amended Complaint, the Defendant would deny same as stated and demand strict proof thereof.

7.      As to paragraph 6 of the Plaintiff's Amended Complaint, the Defendant lacks sufficient information upon which to form a belief as to the truth and veracity of same, and therefore denies same and demands strict proof thereof.

ELECTRONICALLY FILED - 2023 May 05 11:59 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

8.      As to paragraph 7 of the Plaintiff's Amended Complaint, the Defendant would assert that the Plaintiff has set forth a legal conclusion(s) which can neither be admitted or denied, and as such, would crave reference to the applicable statutes and common law of the State of South Carolina with respect to the Court's jurisdiction and proper venue in this matter.

9.      As to paragraphs 8 and 9 of the Plaintiff's Amended Complaint, the Defendant would deny same as stated and demand strict proof thereof.

10.     As to paragraph 10 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

11.     As to paragraph 11 of the Plaintiff's Amended Complaint, the Defendant would admit same upon information and belief.  Further responding, the Defendant would crave reference to the minutes of the subject meeting as the best evidence of the contents therein, and otherwise denies any allegation inconsistent with same.

12.     As to paragraph 12 of the Plaintiff's Amended Complaint, the Defendant lacks sufficient information upon which to form a belief as to the truth and veracity of same, and therefore denies same and demands strict proof thereof.

13.     As to paragraph 13 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

14.     As to paragraphs 14 and 15 of the Plaintiff's Amended Complaint, the Defendant would deny same as stated and demand strict proof thereof.  Further responding, the Defendant would crave reference to the minutes of the subject meeting(s) as the best evidence of the contents therein.

15.     As to paragraph 16 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

ELECTRONICALLY FILED - 2023 May 05 11:59 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

16. As to paragraph 17 of the Plaintiff's Amended Complaint, the Defendant would assert that the Plaintiff has not plead any factual allegations in the subject opinion narrative, or has otherwise set forth a legal conclusion(s) which can neither be admitted or denied.

17. As to paragraphs 18, 19, and 20 of the Plaintiff's Amended Complaint, the Defendant would deny same as stated and demand strict proof thereof.  Further responding, and to the extent applicable, the Defendant would assert that the Plaintiff has set forth a legal conclusion(s) which can neither be admitted or denied.

18. As to paragraph 21 of the Plaintiff's Amended Complaint, the Defendant, upon information and belief, would admit only that the Board voted to dismiss the lawsuit against Dr. Hefner and that Dr. Hefner's Section 1983 counterclaim remained.  As to any remaining allegations in paragraph 21 of the Plaintiff's Amended Complaint, the Defendant would deny same as stated and demand strict proof thereof.

19. As to paragraphs 22 and 23 of the Plaintiff's Amended Complaint, the Defendant lacks sufficient information upon which to form a belief as to the truth and veracity of same, and therefore denies same and demands strict proof thereof.

20. As to paragraph 24 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

21. As to paragraphs 25 and 26 of the Plaintiff's Amended Complaint, the Defendant would deny same as stated and demand strict proof thereof.  Further responding, the Defendant would crave reference to the subject new article and/or minutes of the subject meeting(s) as the best evidence of the contents therein.

22. As to paragraphs 27 and 28 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

ELECTRONICALLY FILED - 2023 May 05 11:59 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

23.     As to paragraph 29 of the Plaintiff's Amended Complaint, the Defendant would admit only that JAG, a New Mexico accounting firm, was retained to investigate and conduct an independent audit on behalf of School District Five of Lexington and Richland Counties.  As to any remaining allegations in paragraph 29 of the Plaintiff's Amended Complaint, the Defendant would deny same as stated and demand strict proof thereof.  Further responding, the Defendant would crave reference to the subject Report as the best evidence of the contents therein.

24.     As to paragraph 30 of the Plaintiff's Amended Complaint, the Defendant would deny same as stated and demand strict proof thereof.  Further responding, the Defendant would crave reference to the minutes of the subject meeting as the best evidence of the contents therein.

25.     As to paragraph 31 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

26.     As to paragraphs 32 and 33 of the Plaintiff's Amended Complaint, the Defendant would deny same as stated and demand strict proof thereof.  Further responding, the Defendant would crave reference to the subject communications as the best evidence of the contents therein.

27.     As to paragraph 34 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

28.     As to paragraph 35 of the Plaintiff's Amended Complaint, the Defendant lacks sufficient information upon which to form a belief as to the truth and veracity of same, and therefore denies same and demands strict proof thereof.

29.     As to paragraph 36 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

30.     As to paragraph 37 of the Plaintiff's Amended Complaint, the Defendant objects to the jumbling of factual allegations and cause(s) of action.

ELECTRONICALLY FILED - 2023 May 05 11:59 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

31.     As to paragraphs 38, 39, and 40 of the Plaintiff's Amended Complaint, the Defendant would assert that the Plaintiff has set forth a legal conclusion(s) which can neither be admitted or denied, and as such, would crave reference to the applicable statutes and common law of the State of South Carolina and the United States of America with respect to the claims asserted in this matter.

32.     As to paragraphs 41 and 42 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

33.     As to paragraph 43 of the Plaintiff's Amended Complaint, the Defendant would assert that the Plaintiff has set forth a legal conclusion(s) which can neither be admitted or denied, and as such, would crave reference to the applicable statutes and common law of the State of South Carolina and the United States of America with respect to the claims asserted in this matter.

34.     As to paragraphs 44, 45, and 46 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

35.     As to paragraph 47 of the Plaintiff's Amended Complaint, the Defendant objects to the jumbling of factual allegations and cause(s) of action.

36.     As to paragraphs 48, 49, 50, and 51 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

37.     As to paragraph 52 of the Plaintiff's Amended Complaint, the Defendant objects to the jumbling of factual allegations and cause(s) of action.

38.     As to paragraphs 53, 54, 55, 56, and 57 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

ELECTRONICALLY FILED - 2023 May 05 11:59 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

39.    As to paragraph 58 of the Plaintiff's Amended Complaint, the Defendant objects to the jumbling of factual allegations and cause(s) of action.

40.    As to paragraph 59 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

41.    As to paragraph 60 of the Plaintiff's Amended Complaint, the Defendant would deny same as stated and demand strict proof thereof.

42.    As to paragraphs 61, 62, and 63 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

43.    As to paragraph 64 of the Plaintiff's Amended Complaint, the Defendant objects to the jumbling of factual allegations and cause(s) of action.

44.    As to paragraph 65 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

45.    As to paragraph 66 of the Plaintiff's Amended Complaint, the Defendant would deny same as stated and demand strict proof thereof.

46.    As to paragraphs 67 and 68 of the Plaintiff's Amended Complaint, the Defendant would deny same and demand strict proof thereof.

47.    As to paragraphs 69, 70, 71, 72, 73, 74, 75, 76, and 77 of the Plaintiff's Amended Complaint, the Defendant would aver that the allegations contained therein are directed toward another Defendant and require no response on behalf of this Defendant.  To the extent that any allegations are directed toward this Defendant, the Defendant would deny same and demand strict proof thereof.

48.    The Defendant denies any and all remaining allegations of the Plaintiff's Amended Complaint, and further denies that the Plaintiff is entitled to the relief requested in the

ELECTRONICALLY FILED - 2023 May 05 11:59 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

Complaint, or any other relief. Insofar as any of the allegations in the Plaintiff's Amended Complaint attempt to allege any wrongdoing on the part of this Defendant, the Defendant denies same and demands strict proof thereof.

49. The Defendant further reserves the right to assert all applicable affirmative defenses and to amend this pleading consistent with the South Carolina Rules of Civil Procedure.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Defendant, School District Five of Lexington and Richland Counties, pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

DAVIDSON & WREN, P.A.

BY:  *s/ Michael B. Wren*
       Michael B. Wren, #69669
       1611 Devonshire Drive, Second Floor
       Post Office Box 8568
       Columbia, South Carolina 29202
       T: 803-806-8222
       E-Mail: mwren@dml-law.com

ATTORNEYS FOR DEFENDANT
SCHOOL DISTRICT FIVE OF LEXINGTON
AND RICHLAND COUNTIES

Columbia, South Carolina
May 5, 2023

ELECTRONICALLY FILED - 2023 May 02 4:17 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | ) **IN THE COURT OF COMMON PLEAS** |
| | ) **ELEVENTH JUDICIAL CIRCUIT** |
| **COUNTY OF LEXINGTON** | ) **CIVIL ACTION NO.: 2021-CP-32-03699** |
| | ) |
| Dr. Stephen Hefner, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **DEFENDANT JARAMILLO** |
| | ) **ACCOUNTING GROUP, LLC'S ANSWER** |
| School District Five of Lexington and | ) **TO PLAINTIFF'S AMENDED** |
| Richland Counties, Kenneth Loveless | ) **COMPLAINT** |
| individually and his official capacity, | ) |
| Catherine Huddle individually and in her | ) **(JURY TRIAL DEMANDED)** |
| official capacity, Jan Hammond individually | ) |
| and in her official capacity, and Jaramillo | ) |
| Accounting Group, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The Defendant, Jaramillo Accounting Group, LLC, (hereinafter "Defendant"), responds to the allegations of the Plaintiff's Amended Complaint as follows:

1.    The allegations of the Plaintiff's Amended Complaint not specifically admitted herein are denied.

**PARTIES AND JURISDICTION**

2.    Defendant lacks sufficient evidence or information to form a belief as to the truth of the allegations asserted in Paragraphs 1 through 5 of the Plaintiff's Amended Complaint, and therefore denies the same.

3.    Defendant admits Paragraph 6 of the Plaintiff's Amended Complaint.

4.    Upon information and belief, Defendant does not contest jurisdiction or venue at this time. Defendant reserves the right to object to jurisdiction or venue should information be discovered during litigation.

**FACTUAL BACKGROUND**

1

ELECTRONICALLY FILED - 2023 May 02 4:17 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

5.      Defendant lacks sufficient evidence or information to form a belief as to the truth of the allegations asserted in Paragraphs 8 through 28 of the Plaintiff's Amended Complaint, and therefore denies the same.

6.      Defendant admits only so much of Paragraph 29 of the Plaintiff's Amended Complaint as JAG is a New Mexico accounting firm retained by the Board to conduct consultation services on behalf of the District. Further responding, Defendant lacks sufficient evidence or information to form a belief as to the truth of the allegation that the District published JAG's findings in a report to the public. Further responding, Defendant denies the remaining allegations contained in Paragraph 29 of the Plaintiff's Amended Complaint.

7.      Defendant lacks sufficient evidence or information to form a belief as to the truth of the allegations asserted in Paragraph 30 of the Plaintiff's Amended Complaint, and therefore denies the same.

8.      As to Paragraph 31 of the Plaintiff's Amended Complaint, Defendant lacks sufficient evidence or information to form a belief as to the truth of the allegations asserted that the Board knew the allegation about Dr. Hefner was false when they retained JAG, provided JAG with this false information, and voted to make the Report public. Further responding, Defendants deny the remaining allegations contained in Paragraph 31 of the Plaintiff's Amended Complaint.

9.      Defendant denies Paragraph 32 of the Plaintiff's Amended Complaint.

10.     Defendant lacks sufficient evidence or information to form a belief as to the truth of the allegations asserted in Paragraph 33 of the Plaintiff's Amended Complaint, and therefore denies the same.

11.     Defendant denies Paragraph 34 of the Plaintiff's Amended Complaint.

ELECTRONICALLY FILED - 2023 May 02 4:17 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

12.     Defendant lacks sufficient evidence or information to form a belief as to the truth of the allegations asserted in Paragraphs 35 and 36 of the Plaintiff's Amended Complaint, and therefore denies the same.

### FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS DISTRICT, MR. LOVELESS, MS. HAMMOND AND MS. HUDDLE
**(42 U.S.C. § 1983 – Violation of First Amendment Right)**

13.     Responding to Paragraph 37 of the Plaintiff's Amended Complaint, Defendant restates their answers to Paragraphs 1 through 36 of the Plaintiff's Amended Complaint fully verbatim, as if fully restated herein.

14.     The allegations in Paragraphs 38 through 46 of the Plaintiff's Amended Complaint are not directed toward this Defendant. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations of Paragraphs 38 through 46 and therefore denies the same.

### FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
**(Civil Conspiracy)**

15.     Responding to Paragraph 47 of the Plaintiff's Amended Complaint, Defendant restates their answers to Paragraphs 1 through 46 of the Plaintiff's Amended Complaint fully verbatim, as if fully restated herein.

16.     Defendant denies Paragraphs 48 through 51 of the Plaintiff's Amended Complaint.

### FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS DISTRICT, MR. LOVELESS, MS. HUDDLE, AND MS. HAMMOND
**(Abuse of Process)**

17.     Responding to Paragraph 52 of the Plaintiff's Amended Complaint, Defendant restates their answers to Paragraphs 1 through 51 of the Plaintiff's Amended Complaint fully verbatim, as if fully restates herein.

ELECTRONICALLY FILED - 2023 May 02 4:17 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

18.     The allegations in Paragraphs 53 through 57 are not directed toward this Defendant. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations of Paragraphs 53 through 57 and therefore denies the same.

### FOR A FOURTH CASE OF ACTION AGAINST DEFENDANTS DISTRICT, MR. LOVELESS, MS. HUDDLE AND MS. HAMMOND
### (Malicious Prosecution)

19.     Responding to Paragraph 58 of the Plaintiff's Amended Complaint, Defendant restates their answers to Paragraphs 1 through 57 of Plaintiff's Amended Complaint fully verbatim, as if fully restated herein.

20.     Paragraphs 59 through 63 of Plaintiff's Amended Complaint are not directed towards this Defendant. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations of Paragraphs 59 through 63 and therefore denies the same.

### FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Defamation *per se*)

21.     Responding to Paragraph 64 of the Plaintiff's Amended Complaint, Defendant restates their answers to Paragraphs 1 through 63 of the Plaintiff's Amended Complaint fully verbatim, as if fully restated herein.

22.     As to Paragraphs 65 and 66 of the Plaintiff's Amended Complaint, Defendant craves reference to the JAG Report referenced in the Plaintiff's Amended Complaint in Paragraphs 65 and 66 of the Plaintiff's Amended Complaint and deny any inconsistencies therewith. Further responding, to the extent additional responses may be needed as to Paragraph 65 and 66, Defendant denies the remaining allegations and demand strict proof thereof.

23.     Defendant denies Paragraphs 67 and 68 of the Plaintiff's Amended Complaint.

ELECTRONICALLY FILED - 2023 May 02 4:17 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

## FOR A SIXTH CAUSE OF ACTION AGAINST JAG
### (Violation of South Carolina Unfair Trade Practice Act)

24.     Responding to Paragraph 69 of the Plaintiff's Amended Complaint, Defendant restates their answers to Paragraphs 1 through 68 of the Plaintiff's Amended Complaint verbatim as if fully restated herein.

25.     Paragraph 70 of the Plaintiff's Amended Complaint contains statements or conclusions to which this Defendant need not respond. To the extent a response is required, Defendant would deny the allegations of Paragraph 70 of the Plaintiff's Amended Complaint.

26.     Defendant admits only so much of Paragraph 71 of the Plaintiff's Amended Complaint that JAG is engaged in the business of providing accounting, consultation, and audit services to and on behalf of business and political subdivisions. Defendant would deny any remaining allegations contained in Paragraph 71.

27.     Defendant denies Paragraphs 72 through 77 of the Plaintiff's Amended Complaint.

## PRAYER FOR RELIEF

28.     Defendant denies the paragraph of Plaintiff's Amended Complaint beginning with "WHEREFORE," including all subparts and relief sought, that constitute the remainder of Plaintiff's Complaint.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:

29.     The allegations of the Plaintiff's Amended Complaint fail to state claims upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6), SCRCP.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:

30.     Plaintiff's claims are or may be barred by the statute of limitations.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:

ELECTRONICALLY FILED - 2023 May 02 4:17 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

31.     The damages sustained by Plaintiff, if any, were due to, caused by, and were the direct and proximate result of Plaintiff's own negligence and/or the intervening and superseding negligence of others. Plaintiff's recovery, if any, should be barred or reduced as provided by law as Plaintiff's own actions contributed to more than 50% of the cause of the allegations contained in Plaintiff's Amended Complaint.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:

32.     At all relevant times, this Defendant acted in conformity with the applicable standard of care under similar conditions and in like circumstances.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:

33.     Plaintiff's claims against this Defendant are or may be barred because none of their acts proximately caused Plaintiff's alleged damages.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:

34.     Plaintiff's claims are or may be barred by the doctrines of waiver, estoppel, assumption of risk, unclean hands, and/or laches.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:

35.     Any damages sustained by the Plaintiff are or may be the result of the acts parties or persons that are not controlled by the Defendant.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:

36.     The Plaintiff has failed to mitigate any alleged damages, and Plaintiff's claims should be barred as a matter of law.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:

ELECTRONICALLY FILED - 2023 May 02 4:17 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

37.    To the extent Plaintiff's allegations alleged interest as a damage, Plaintiff's Amended Complaint fails to state a claim upon which interest can be awarded or allege facts which, if proven, would entitle Plaintiff to an award of interest.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO**:

38.    To the extent Plaintiff seeks an award of punitive damages, any award of punitive damages to the Plaintiff would violate the constitutional safeguards provided to the Defendant by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and under the Due Process Clause of Article I, Section 3 of the South Carolina Constitution.    The determination of punitive damages does not bear any reasonable relationship to the amount of actual damages, if any, suffered by or awarded to the Plaintiff.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

39.    Plaintiff's Amended Complaint fails to state a claim upon which punitive damages can be awarded or allege facts which, if proven, would entitle Plaintiff to an award of punitive damages.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

40.    The Defendant pleads the limitations and caps on punitive damages provided in South Carolina Code § 15-32-530 (Supp. 2019) and the provisions for a bifurcated trial and other provisions set out in South Carolina Code § 15-32-520 (Supp. 2019).

ELECTRONICALLY FILED - 2023 May 02 4:17 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203699

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

41.     Defendant reserves any additional and further defenses that may be revealed by information obtained during the course of investigation and discovery as consistent with the South Carolina Rules of Civil Procedure.

WHEREFORE, having fully answered the allegations of Plaintiff's Amended Complaint, Defendant Jaramillo Accounting Group, LLC, prays that Plaintiff's Amended Complaint be dismissed with prejudice, for this matter to be tried by a jury of their peers, for all costs of the action to be cast upon Plaintiff, and for such other and further relief as this Court may deem just and proper.

This 2nd day of May, 2023.

Respectfully submitted,

EARHART OVERSTREET LLC

By:     /s/   Ryan M. Gunther

DAVID W. OVERSTREET
State Bar No.: 16965
david@earhartoverstreet.com

RYAN M. GUNTHER
State Bar No.: 104141
ryan.gunther@earhartoverstreet.com

*Attorneys for Defendant Jaramillo Accounting Group, LLC*

P.O. Box 22528
Charleston, SC 29413
843-972-9400