# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Dr. Stephen Hefner, | Civil Action Number:   3:23-cv-02156-MGL |
| Plaintiff, | |
| v. | |
| School District Five of Lexington and Richland Counties, Kenneth Loveless individually and his official capacity, Catherine Huddle individually and in her official capacity, Jan Hammond individually and her official capacity, and Jaramillo Accounting Group, LLC, | **MOTION FOR PROTECTIVE ORDER ON BEHALF OF DEFENDANTS SCHOOL DISTRICT FIVE OF LEXINGTON AND RICHLAND COUNTIES, LOVELESS, HUDDLE, AND HAMMOND** |
| Defendants. | |

Defendants School District Five of Lexington and Richland Counties, Kenneth Loveless, Catherine Huddle, and Jan Hammond hereby move before the United States District Court for the District of South Carolina, Columbia Division, at such time and place as may be set by the Court, for a Protective Order pursuant to Rules 26(b), 26(c) and 30(d), FRCP, and Local Civ. Rule 30.04 (D.S.C.), limiting the scope of examination for the depositions of the Defendants in this action, or otherwise prohibiting the depositions of any current or former members of the Board of Trustees for School District Five of Lexington and Richland Counties in this matter.

The grounds for this motion are set forth below.

Counsel for Plaintiff noticed and conducted the depositions of Defendants Kenneth Loveless and Catherine Huddle on May 9, 2024, and May 15, 2024, respectively, in this case. Plaintiff's counsel has also noticed the deposition of Defendant Jan Hammond for May 20, 2024,

1

as well as the depositions of Matt Hogan, Nikki Gardner, and Rebecca Blackburn Hines for May 20 and 21, 2024, all of whom are current or former School District Five of Lexington and Richland Counties Board members. The Rule 30(b)(6), FRCP, deposition of Defendant School District Five of Lexington and Richland Counties has likewise been noticed by Plaintiff's counsel for May 22, 2024, with proposed topics of examination specifically addressing the basis for actions taken by the District pursuant to public voting by the District's Board of Trustees.

During the course of examination by opposing counsel in the recent depositions of Defendants Loveless and Huddle, numerous questions were posed regarding matters that were discussed in the context of executive session(s) held by the District's Board of Trustees and/or related to substantive communications by the Board members with legal counsel for the Board and District. Further, extensive questioning by Plaintiff's counsel in these depositions pertained to the decision-making process of these Board members, as well as other Board members, for matters that were voted upon in public by the School District Five of Lexington and Richland Counties' Board of Trustees. As such, the undersigned counsel for these Defendants objected to the subject topics of examination during the course of the prior depositions with instruction to not answer those particular questions, and respectfully requests entry of a protective order by the Court to prohibit, or otherwise limit, discovery requests and questioning during deposition as to any such matters in this case.

The current and former members of the Board of Trustees for School District Five of Lexington and Richland Counties, which includes the Defendants Kenneth Loveless, Catherine Huddle, and Jan Hammond named in this action, are publicly elected officials and legislators, or otherwise acting in the capacity as legislators. "Pursuant to the doctrine of Legislative Privilege, legislators cannot be made to testify about legislative activities, including their motivation for

2

taking a particular legislative action." *Gary Realty Company, Inc. v. City of Columbia, et. al.*, 2009 WL 8727283 (S.C. Com. Pl.) (citing *Bear Enterprises v. County of Greenville*, 319 S.C. 137 (Ct. App. 1995); *Greenville County v. Kenwood Enterprises*, 353 S.C. 157 (2003) overruled on other grounds, *Byrd v. City of Hartsville*, 365 S.C. 650, 620 S.E.2d 76 (2005)).

Legislative immunity, or legislative privilege, provides federal, state, and local officials with immunity for any action taken "in the sphere of legitimate legislative activity." *Tenney v. Brandhove*, 341 U.S. 367 (1951); *Bogan v. Scott-Harris*, 523 U.S. 44 (1998). The "sphere of legitimate legislative activity" is defined as actions that reflect a "discretionary, policy making decision implicating the budget priorities of the city and the services the city provides to constituents." *Bogan*, 523 U.S. at 55-56.

Insofar as Plaintiff seeks to learn the reasons for the District's actions by and through its Board of Trustees, deposing the individual Board members is simply improper. The District's Board acted "as a collective body, not as individuals, and decisions made in this fashion are the product of debate and compromise." *Greenville County v. Kenwood Enterprises, Inc.*, 353 S.C. 159, 174 (2003) (quoting *Bear Enterprises v. County of Greenville,* 319 S.C. 137, 139 n. 1, 459 S.E.2d 883, 885 n. 1 (Ct. App. 1995)). In other words, no individual legislature can know the collective motivation of the legislative body. The court in *Kenwood Enterprises* affirmed a trial court's quashing of subpoenas to depose members of a county council to learn the council's motivations for passing an ordinance. *Id.* Likewise, here, the Board's rationale or reasons for acting should be off limits with respect to questioning in deposition or any related discovery requests.

Not only are the individual Board members, current or former, privileged from testifying to the motivations of the collective body, they each possess legislative immunity in that regard.

Individual legislators are immune for "actions taken within the scope of their legislative duties." *Gary Realty Company, Inc.*, 2009 WL 8727283 (citing *Richardson v. McGill*, 273 S.C. 142, 255 S.E.2d 341 (1979)). The public policy grounds are that individual legislators can do nothing on their own, and they can only act as part of the legislative body. Accordingly, there is no relevant basis for inquiring as to the respective motivations, as well as the communications in executive session or with legal counsel, of the individual Board members.

The sought after testimony is similarly subject to the privileges afforded to executive session and attorney-client communications. In *State v. Doster*, 276 S.C. 647, 284 S.E.2d 218 (1981), the court agreed that the essential elements giving rise to the subject privilege are:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Id.* at 219 (quoting 8 Wigmore, Evidence § 2292 (McNaughton rev. 1961)). Privilege does not depend on the communication's anticipation of or preparation for litigation. *State v. Thompson*, 329 S.C. 72, 76, 495 S.E.2d 437 (1998). To the extent applicable in this case, the District's collective Board of Trustees, not the individual Board members, are the client, and only the client can waive privilege. *Wilson v. Preston*, 378 S.C. 348, 35-60, 662 S.E.2d 580, 585–86 (2008).

As such, Defendants School District Five of Lexington and Richland Counties, Kenneth Loveless, Catherine Huddle, and Jan Hammond would respectfully request entry of a protective order limiting the scope of examination for the depositions of the Defendants in this action for the grounds referenced above, and otherwise prohibiting the depositions of any current or former members of the Board of Trustees for School District Five of Lexington and Richland Counties in this matter.

Defendants' motion is based upon the pleadings filed in this case, the rules of court, and such other matters as may be properly presented to the Court at the time of the hearing.

In accordance with Local Civil Rule 7.04, a full explanation of the motion is contained within this motion and an affidavit and/or a memorandum will serve no useful purpose. The undersigned counsel for Defendants also affirms that he has conferred with opposing counsel as to the matter contained in this motion pursuant to Local Civil Rule 7.02, however, no resolution of the issue has been obtained prior to the necessity of requesting judicial intervention.

DAVIDSON & WREN, P.A.

BY:   *s/ Michael B. Wren*
    Michael B. Wren, #7852
    Brian C. Mauldin, #14177
    1611 Devonshire Drive, Second Floor
    Post Office Box 8568
    Columbia, South Carolina 29202
    T: 803-806-8222
    F: 803-806-8855
    E-Mail:  mwren@dml-law.com
           bmauldin@dml-law.com

ATTORNEYS FOR DEFENDANTS
SCHOOL DISTRICT FIVE OF LEXINGTON AND RICHLAND COUNTIES, KENNETH LOVELESS, CATHERINE HUDDLE, AND JAN HAMMOND

Columbia, South Carolina
May 16, 2024