IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Dr. Stephen Hefner | ) | C/A No. 3:23-cv-02156-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF'S SUPPLEMENTAL** |
| School District Five of Lexington and | ) | **BRIEF TO THE COURT RE** |
| Richland Counties, Kenneth Loveless | ) | **PROTECTIVE ORDER** |
| individually and his official capacity, | ) | |
| Catherine Huddle individually and in her | ) | |
| official capacity, Jan Hammond individually | ) | |
| and her official capacity, and Jaramillo | ) | |
| Accounting Group, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **INTRODUCTION**

Plaintiff Dr. Stephen Hefner ("Dr. Hefner") requests that the Court deny Defendants School District Five of Lexington and Richland Counties, Kenneth Loveless, Catherine Huddle, and Jan Hammond's ("District Defendants") Motion for Protective Order. Foremost, the District Defendants' decision to sue Dr. Hefner for exercising his First Amendment right is not a legislative act and, therefore, is not subject to either legislative immunity or legislative privilege. This lawsuit targeted Dr. Hefner *individually* and had no policy impact or impact on the public at large. The District Defendants cannot half-heartedly argue its decision to sue its former superintendent was to protect its accreditation when its own pleadings state that its accreditation was never at risk.

Moreover, should the Court determine that such an act is indeed legislative, the District itself is not entitled to raise legislative privilege. Instead, the privilege belongs to each respective board member, and it is their decision alone to waive it. The District's counsel cannot instruct the individual board members nor the District's 30(b)(6) deponent to not answer a question based on

1

legislative privilege, especially those that seek to explore the motives for the lawsuit against Dr. Hefner and those critical to Dr. Hefner's prima facie case.

## SUPPLEMENTAL ARGUMENT

### I. The District and the individual defendants are not entitled to legislative privilege.

Although legislative privilege flows from legislative immunity, the two concepts are distinct in their application such that a "defendant['s] failure to assert legislative immunity from suit does not affect the ability to raise the evidentiary privilege." *Favors v. Cuomo*, 285 F.R.D. 187, 211 (E.D.N.Y. 2012). Yet, the applicability of *both* the immunity and the privilege hinges on the same thing: whether such actions were indeed legislative. *See Alexander v. Holden*, 66 F.3d 62, 65 (4th Cir. 1995).

#### a. Suing Dr. Hefner was not a legislative activity.

A board and its members are not entitled to legislative immunity or privilege when performing administrative functions. *See generally Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal, Virginia*, 865 F.2d 77, 79 (4th Cir.1989); *Scott v. Greenville Co.*, 716 F.2d 1409, 1423 (4th Cir.1983). The Fourth Circuit in *Alexander v. Holden* adopted a test from other circuits to determine what a legislative activity is. The test "focuses 'on the nature of the facts used to reach the ... decision' and the 'particularity of the impact of the state of action.'" 66 F.3d 62, 66 (4th Cir. 1995) (*quoting Acevedo–Cordero v. Cordero Santiago*, 958 F.2d 20, 23 (1st Cir.1992) ; Hughes v. Tarrant County, 948 F.2d 918, 921 (5th Cir.1991)). Under this test, "the key inquiry involves making a distinction between general and specific actions." *Id*. "If the underlying facts 'relate to **particular individuals** or situations and the decision **impacts specific individuals** or '**singles out specifiable individuals**,' the decision is administrative." *Id*. (emphasis added). "On

the other hand, the action is legislative if the facts involve 'generalizations concerning a policy or state of affairs' and the 'establishment of a general policy' affecting the larger population."[1] *Id*.

The District voted to sue Dr. Hefner alone and no one else. Under *Alexander v. Holden*, this decision to target Dr. Hefner with a frivolous lawsuit is not a legislative function and, therefore, is not entitled to legislative privilege. Yet, the District Defendants make two inaccurate arguments in an attempt to salvage the privilege. First, it argues that the presence of a quorum and the vote to sue Dr. Hefner make the action a legislative function. Second, it argues that the lawsuit was aimed at protecting the District's accreditation and is, therefore, legislative. These arguments are incorrect and unsupported by case law.

Voting on an issue, in and of itself, is not determinative that an act is legislative. *See Roberson v. Mullins*, 29 F.3d 132, 133 (4th Cir. 1994) (determining that a board vote to terminate an employee was not a legislative act.); *Smith v. Lomax*, 45 F.3d 402, 406 (11th Cir. 1995); *Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 580 (9th Cir. 1984) (stating, "[a]lthough a local legislator may vote on an issue, that alone does not necessarily determine that he or she was acting in a legislative capacity."). Moreover, any testimony or argument that the District's act of suing

---

[1] Different circuits have made it abundantly clear that lawmakers are not entitled to legislative immunity or privilege when their conduct singles out an individual. *See Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 211 (2d Cir. 2003) ("The [b]oard members are not entitled to absolute legislative immunity because their acts were not quintessentially legislative, but rather were part of a process by which an employment situation regarding a *single individual* was involved." (emphasis added)); *Marshall v. New York State Pub. High Sch. Athletic Ass'n, Inc.*, 374 F. Supp. 3d 276, 295 (W.D.N.Y. 2019) (holding that the defendant's decision to decline the plaintiff's accommodation was not subject to legislative immunity); *Roman Cath. Diocese of Rockville Ctr. v. Inc. Village of Old Westbury*, No. 09-CV-5195, 2012 WL 1392365, at *16 (E.D.N.Y. Apr. 23, 2012) (determining that an "individual assessment" of a single application for a special use permit was not legislative in nature); *Schubert v. City of Rye*, 775 F. Supp. 2d 689, 701 (S.D.N.Y. 2011) (noting that the defendants "did not engage in some broad policy debate about changing or enacting" regulations, and instead their "alleged actions involved existing land-use policies as applied to a *single resident*" (emphases added)).

Dr. Hefner had a general policy of protecting its accreditation is discredited by the very allegations in the District's original complaint, which alleged a single cause of action for tortious interference with a contract—a contract that the District admitted was never breached. Indeed, in its original complaint against Dr. Hefner, the District alleges:

> In late September, a Cognia representative advised the District, through Ross, that Cognia did not intend to investigate Hefner's complaint because **it did not raise an issue that could legitimately impact the District's accreditation**. The same representative advised Ross that complaints to Cognia are often politically motivated.

District's Complaint ¶ 22, herein attached as **Exhibit A** (emphasis added)

District Defendants simply cannot claim that the lawsuit was filed to protect the district's accreditation when, at the time of the lawsuits' filing, the District openly acknowledged it was aware its accreditation was not a risk.[2] The act is not legislative and, therefore the District, including the individual defendants, are not entitled to legislative privilege.

**b.    Even if the act is legislative, the District itself is not entitled to legislative privilege.**

*In Cooper v. Lee Cnty. Bd. of Supervisors*, 966 F. Supp. 411, 415 (W.D. Va. 1997), the district court found that the board's actions—specifically, the control of a budget—was a legislative act. However, "despite the ruling that individual board members [were] entitled to legislative immunity . . . Fourth Circuit precedent clearly command[ed] . . . that the Board itself enjoys no legislative immunity to a suit under section 1983, even where the legislative action forms the basis for the suit." (citing *Alexander*, 66 F.3d at 68).

---

[2] Even if the Court accepts the District's concocted Hail Mary argument that the lawsuit against Dr. Hefner had some tenuous implications on the public at large, it will never be a "quintessentially legislative activity that legislative immunity was intended to cover." *See The Anderson Grp., LLC v. City of Saratoga Springs*, 557 F. Supp. 2d 332, 345 (N.D.N.Y. 2008), *aff'd in part sub nom. Anderson Grp., LLC v. Lenz*, 336 F. App'x 21 (2d Cir. 2009) (finding that even though the act of a special use permit affected the public at large, it was still not a legislative act for which privilege attached).

Critically, in *Cooper*, while the board agreed that it was not immune from suit, it contended that because the testimony of individual board members' motives was protected by legislative privilege, a suit against the board was barred. *Id*. at 416. The court disagreed, stating:

> [W]hile the plaintiff therefore must establish his prima facie case without the benefit of the supervisors' testimony, it does not necessarily follow that the suit against the Board is barred by the supervisors' [legislative] privilege. Were that the case, Fourth Circuit precedent declining to extend immunity to a legislative board would in effect be defeated any time individual board members were entitled to exercise immunity. Further, the testimonial privilege may be waived.

*Id.* (citing *Alexander*, 66 F.3d at 68 n. 4).

Here, even if the Court finds that the District's decision to bring a frivolous lawsuit against Dr. Hefner is a legislative act for which immunity and privilege applies, it only applies to the individual board members—not the District itself due to Dr. Hefner's 1983 free speech retaliation claim. As such, the privilege may be waived by each board member, and the District's counsel cannot instruct each board member not to answer Dr. Hefner's questions on the basis of such privilege.[3]

      c.     ***Burtnick v. McLean* affirms Dr. Hefner's position.**

The analysis is similar in *Burtnick v. McLean*, 76 F.3d 611, 613 (4th Cir. 1996). In that case, the Fourth Circuit grappled with the primary issue of whether municipalities are totally immune from liability under section 1983 claims. Expressly determining that the act of abolishing the plaintiff's employment position was legislative, the Court held that the city defendant was not entitled to immunity, yet the individual defendant, in her

---

[3] It has been Dr. Hefner's argument all along that the privilege belongs to each individual board member and that these individual board members can waiver such right. *See Marylanders for Fair Representation v. Schaefer*, 144 F.R.D. 292, 298 (D.Md.1992) (legislative privilege "is a personal one and may be waived or asserted by each individual legislator").

capacity as a legislator, was entitled to immunity for such act and therefore, the testimonial privilege applied. *Id*.

Ultimately, the Fourth Circuit held that the plaintiff's attempt to establish a prima facie case against the city for violation of his constitutional rights would have to be accomplished without the testimony of the individual board members as to their motives in abolishing his position. *Id*. Yet such privilege could not be asserted by the city and could be waived by the individual board members. See *id*.

Here, *Burtnick* is applicable only if the Court determines that the District's act was legislative. Thus, even if bringing the suit was legislative, The District, including its corporate representative, is not entitled to the privilege at all. The individual board members would be entitled to legislative privilege but have the choice to waive such privilege and cannot be instructed by counsel for the District to not answer Dr. Hefner's questions regarding motive, reasons, or facts surrounding the frivolous lawsuit against him.

## **CONCLUSION**

For the reasons stated above, in the initial briefing and in the oral argument, Dr. Hefner respectfully requests that the Court deny the District Defendants' Motion for Protective Order.

(Signature Page to Follow)

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *s/Jacob D. Kea*
    Paul T. Collins, Federal Bar No. 9055
    E-Mail: paul.collins@nelsonmullins.com
    Jonathan M. Knicely, Federal Bar No. 12103
    E-Mail: jonathan.knicely@nelsonmullins.com
    Jacob D. Kea, Federal Bar No. 13882
    Jake.kea@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

    Attorneys for Plaintiff Dr. Stephen Hefner

Columbia, South Carolina

August 23, 2024.